UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

ELITE DESIGNS, INC., a Rhode Island corporation, and

THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and

ANTHONY ANTONELLI, individually and as an officer of the corporations,

Defendants.

C.A. NO. 05-058-S

**AMENDED COMPLAINT FOR CIVIL PENALTIES, CONSUMER REDRESS, PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "the Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its amended complaint alleges:

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 57b, to secure civil penalties, consumer redress, a permanent injunction and other equitable relief for the defendants' violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled

"Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" ("Franchise Rule" or "Rule"), 16 C.F.R. Part 436.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b. This action arises under 15 U.S.C. § 45(a).

3. Venue in the United States District Court for the District of Rhode Island is proper under 28 U.S.C. §§ 1391(b) - (c) and 1395(a), and 15 U.S.C. § 53(b).

## DEFENDANTS

4. Defendant Elite Designs, Inc. ("Elite Designs"), a Rhode Island corporation with its principal place of business at 18 Thelma Avenue, North Providence, Rhode Island, promotes and sells fashion jewelry display rack business ventures. Elite Designs transacts or has transacted business in the District of Rhode Island.

5. Defendant The Designer Collection, Inc. ("The Designer Collection"), a Rhode Island corporation with its principal place of business at 18 Thelma Avenue, North Providence, Rhode Island, promotes and sells fashion jewelry display rack business ventures. The Designer Collection transacts or has transacted business in the District of Rhode Island.

6. Defendant Anthony Antonelli is the president of Elite Designs and The Designer Collection. In connection with the matters alleged herein, he resides or has transacted business in the District of Rhode Island. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled, or participated in the acts and practices of the corporate defendants, including the acts and practices set forth in this complaint.

**COMMERCE**

7. At all times relevant to this amended complaint, the defendants have maintained a substantial course of trade in the offering for sale and sale of fashion jewelry display rack business ventures, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**THE DEFENDANTS' BUSINESS PRACTICES**

8. The defendants offer and sell fashion jewelry display rack business ventures to prospective purchasers. The defendants promote their business ventures through classified advertisements in newspapers. In their advertisements, defendants make representations about the earnings potential of their business venture, and urge consumers to call defendants' toll-free telephone number to learn more about the opportunity. For example, defendant Elite Designs' classified newspaper advertisements have stated:

> ACCOUNT REP/LOCAL ROUTE. No selling. Make $100K/yr.
> restocking in store displays. $12,950 investment includes
> inventory & territory. 888-324-1081

For example, defendant The Designer Collection's classified newspaper advertisements have stated:

> EARN $100K! ACCOUNT REP/LOCAL ROUTE. No selling.
> Simply restocking displays. Accounts, inventory & territory. $9950 inv.
> Fin avail. 800-215-7434

9. The defendants have no reasonable basis for these earnings representations and have failed to disclose additional information including the number and percentage of prior

purchasers known by defendants to have achieved the same or better results.

10. Consumers who call the defendants' toll-free telephone number are connected to defendants, or their employees or agents, who make representations about the earnings potential of the business venture. For example, the defendants or their employees or agents have represented that business ventures consisting of 30 locations typically generate a profit of more than $1,500 per week.

11. Defendants failed to provide prospective business venture purchasers with an earnings claim document containing information substantiating their earnings claims, failed to have a reasonable basis for the earnings claims at the time that they were made, and/or failed to disclose that materials, which constitute a reasonable basis for the claims, are available.

12. Defendants send some prospective purchasers written material, including a basic franchise disclosure document.

13. This basic franchise disclosure document, however, is incomplete or inaccurate because it fails to disclose information concerning other business venture purchasers.

**THE FRANCHISE RULE**

14. The business ventures sold by the defendants are franchises, as "franchise" is defined in Sections 436.2(a)(1)(ii), (a)(2), and (a)(5) of the Franchise Rule ("Rule"), 16 C.F.R. §§ 436.2(a)(1)(ii), (a)(2), and (a)(5).

15. The Franchise Rule requires a franchisor to provide prospective franchisees with a complete and accurate basic disclosure document containing twenty categories of information, including information about the litigation and bankruptcy history of the franchisor and its principals, the terms and conditions under which the franchise operates, and information

identifying existing franchisees. 16 C.F.R. § 436.1(a)(1) - (a)(20). The pre-sale disclosure of this information required by the Rule enables a prospective franchisee to contact prior purchasers and take other steps to assess the potential risks involved in the purchase of the franchise.

16. The Franchise Rule additionally requires that a franchisor:

(a) have a reasonable basis for any oral, written, or visual earnings claim it makes, 16 C.F.R. § 436.1(b)(2), (c)(2) and (e)(1);

(b) disclose, in immediate conjunction with any earnings claim it makes, and in a clear and conspicuous manner, that material which constitutes a reasonable basis for the earnings claim is available to prospective franchisees, 16 C.F.R. § 436.1(b)(2) and (c)(2);

(c) provide, as prescribed by the Rule, an earnings claim document containing information that constitutes a reasonable basis for any earnings claim it makes, 16 C.F.R. § 436.1(b) and (c); and

(d) clearly and conspicuously disclose, in immediate conjunction with any generally disseminated earnings claim, additional information including the number and percentage of prior purchasers known by the franchisor to have achieved the same or better results, 16 C.F.R. § 436.1(e)(3)-(4).

17. Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), and 16 C.F.R. § 436.1, violations of the Franchise Rule constitute unfair or deceptive acts or practices in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FRANCHISE RULE

## COUNT I

Basic Disclosure Violations

18. In connection with the offering of franchises, as "franchise" is defined in Section 436.2(a) of the Franchise Rule, the defendants have violated Section 436.1(a) of the Rule and Section 5(a) of the FTC Act by failing to provide prospective franchisees with accurate and complete basic disclosure documents as prescribed by the Rule.

## COUNT II

Earnings Disclosure Violations

19. In connection with the offering of franchises, as "franchise" is defined in Section 436.2(a) of the Franchise Rule, the defendants violate Sections 436.1(b)-(c) of the Rule and Section 5(a) of the FTC Act by making earnings claims to prospective franchisees while, *inter alia*: (1) lacking a reasonable basis for each claim at the times it is made; (2) failing to disclose, in immediate conjunction with each earnings claim, and in a clear and conspicuous manner, that material which constitutes a reasonable basis for the claim is available to prospective franchisees; and/or (3) failing to provide prospective franchisees with an earnings claim document, as prescribed by the Rule.

## COUNT III

Advertising Disclosure Violations

20. In connection with the offering of franchises, as "franchise" is defined in Section 436.2(a) of the Franchise Rule, the defendants violate Section 436.1(e) of the Rule and Section 5(a) of the FTC Act by making generally disseminated earnings claims without, *inter alia*,

disclosing, in immediate conjunction with the claims, information required by the Franchise Rule including the number and percentage of prior purchasers known by the defendants to have achieved the same or better results.

## CONSUMER INJURY

21. Consumers in the United States have suffered and will suffer substantial monetary loss as a result of the defendants' violations of Section 5(a) of the FTC Act and the Franchise Rule. Absent injunctive relief by this Court, the defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

22. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the Federal Trade Commission.

23. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (1997), authorizes this Court to award monetary civil penalties of not more than $11,000 for each violation of the Franchise Rule. The defendants' violations of the Rule were committed with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

24. Section 19 of the FTC Act, 15 U.S.C. § 57b, authorizes this Court to grant such relief as the Court finds necessary to redress injury to consumers or other persons resulting from the defendants' violations of the Franchise Rule, including the rescission and reformation of

contracts, and the refund of money.

25. This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by the defendants' law violations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court, as authorized by Sections 5(a), 5(m)(1)(A), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 57b, and pursuant to its own equitable powers:

1. Enter judgment against the defendants and in favor of the plaintiff for each violation alleged in this complaint;

2. Permanently enjoin the defendants from violating the FTC Act and the Franchise Rule;

3. Award plaintiff monetary civil penalties from each defendant for every violation of the Franchise Rule;

4. Award such relief as the Court finds necessary to redress injury to consumers resulting from the defendants' violations of the FTC Act and the Franchise Rule, including but not limited to, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten gains by the defendants; and

5. Award plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

OF COUNSEL:

EILEEN HARRINGTON
Associate Director for Marketing Practices
Federal Trade Commission

MICHAEL J. DAVIS
Attorney
Federal Trade Commission
600 Pennsylvania Ave., N.W., Rm. 238
Washington, DC 20580
202 326-2458
Fax: 202 326-3395

UNITED STATES OF AMERICA

PETER D. KEISLER, JR.
Assistant Attorney General
Civil Division
United States Department of Justice

EUGENE M. THIROLF
Director
Office of Consumer Litigation

AMY E. GOLDFRANK, Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
202 307-0050
Fax: 202 514-8742

**CERTIFICATE OF SERVICE**

I hereby certify that formal service was waived and the aforementioned "Amended Complaint for Civil Penalties, Consumer Redress, Permanent Injunction and Other Equitable Relief" was sent from the Office of Consumer Litigation, Department of Justice, Washington, D.C. via Federal Express on September 1, 2005, to:

Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Attorney for Defendants Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Amy E. Goldfrank