UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

ELITE DESIGNS, INC., a Rhode Island corporation, and

THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and

ANTHONY ANTONELLI, individually and as an officer of the corporations,

Defendants.

C.A. NO. 05-058-S

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS ELITE DESIGNS, INC., THE DESIGNER COLLECTION, INC., AND ANTHONY ANTONELLI TO PRODUCE DOCUMENTS AND SUPPLEMENT INCOMPLETE INTERROGATORY ANSWERS**

1. Plaintiff, the United States of America, filed this action against defendants Anthony Antonelli and Elite Designs, Inc., on February 14, 2005. On September 2, 2005, the government filed an amended complaint adding The Designer Collection, Inc., as a defendant. The action alleges that defendants Anthony Antonelli, Elite Designs, Inc., and The Designer Collection, Inc., violated Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the Federal Trade Commission's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising and

Business Opportunity Ventures" ("Franchise Rule"), 16 C.F.R. Part 436.

2. The government seeks injunctive relief, consumer redress, and civil penalties, as authorized by the FTC Act. 15 U.S.C. §§ 45(m)(1)(A), 53(b) and 57b.

3. In order to ascertain defendants' net worth and defendants' ability to pay civil penalties and consumer redress, the government propounded to defendants document production requests and interrogatories that would provide the government with information that accurately depicts defendants' financial condition.

4. Defendants have refused to provide the requested financial information, alleging that the requests are oppressive, seek documents and information that are irrelevant, and exceed the scope of discovery discussed by the Court at the Rule 16 Conference.

5. In addition to the outstanding financial requests, the government also seeks the production of telephone bills and contracts with telephone companies.

6. Defendants have refused to provide the requested telephone bills and contracts, alleging that the request is oppressive, overly broad, seeks irrelevant documents and information, and is not limited in time. On July 22, 2005, the government sent a letter to defendants limiting the request to the year 2004 only. Notwithstanding the limitation on time, defendants have not produced the requested documents.

7. Defendants also have withheld documents showing payments between defendants and persons who acted as a reference for defendants.

8. As discussed in the accompanying memorandum, defendants' arguments against the requested document production lack merit.

9. In addition, several of the answers defendants provided to the government's

interrogatories are wholly deficient, misleading, and must be supplemented.

10. As demonstrated in the attached certificate, counsel for the government has attempted in good faith to resolve this discovery dispute but has been unable to do so.

WHEREFORE, plaintiff, the United States of America, respectfully requests that, pursuant to Fed. R. Civ. P. 37, the Court grant plaintiff's motion compelling defendants to produce documents and supplement incomplete interrogatory answers.

Respectfully submitted,

UNITED STATES OF AMERICA

PETER D. KEISLER, JR.
Assistant Attorney General
Civil Division
United States Department of Justice

EUGENE M. THIROLF, Director
Office of Consumer Litigation

AMY E. GOLDFRANK, Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
202 307-0050
Fax: 202 514-8742

ROBERT CLARKE CORRENTE
United States Attorney

LISA DINERMAN Bar #2689
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401 709-5000

OF COUNSEL:

ALLEN HILE
Acting Associate Director for Marketing Practices
Federal Trade Commission

MICHAEL J. DAVIS
Attorney
Federal Trade Commission
600 Pennsylvania Ave., N.W., Rm. 238
Washington, DC 20580

**CERTIFICATE OF SERVICE**

I hereby certify that the aforementioned "Plaintiff's Motion to Compel Defendants Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli to Produce Documents and Supplement Incomplete Interrogatory Answers" was sent from the Office of Consumer Litigation, Department of Justice, Washington, D.C. via Federal Express on October 3, 2005, to:

Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Attorney for Defendants Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Amy E. Goldfrank

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELITE DESIGNS, INC., a Rhode Island corporation, and<br><br>THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and<br><br>ANTHONY ANTONELLI, individually and as an officer of the corporations,<br><br>Defendants. | C.A. NO. 05-058-S |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS AND SUPPLEMENT INCOMPLETE INTERROGATORY ANSWERS**

## I. Introduction

Plaintiff, the United States of America, filed this action on February 14, 2005, against defendants Anthony Antonelli and Elite Designs, Inc. On September 2, 2005, the government filed an Amended Complaint adding a third defendant to the case, The Designer Collection, Inc. The government alleges that the defendants violated Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the Federal Trade Commission's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" ("Franchise Rule"), 16 C.F.R. Part 436. The government seeks

injunctive relief, consumer redress, and civil penalties. The government files this motion to compel defendants to comply with several outstanding discovery issues.

On May 23, 2005, a week following the Rule 16 Pre-Trial Conference before the Court, the government issued its First Request for Production of Documents and First Set of Interrogatories to defendants.[1] See Exhibit A. The defendants produced documents and provided answers to the government's First Request for Production of Documents and First Set of Interrogatories on July 8, 2005. See Exhibit B. However, the defendants refused to provide the financial documents requested by the government, and declined to provide answers to government interrogatories seeking financial information. The defendants also failed to produce telephone records and payments made to persons who served as references. In addition, several of the answers defendants provided in response to government interrogatories were incomplete and raised serious questions about the adequacy and completeness of all of defendants' answers.

In an effort to confer and come to an agreement on the documents and interrogatory answers in dispute, as required by Local Rule 13(d), on July 22, 2005, the government sent defendants a letter detailing its concerns about the sufficiency of defendants' document production and interrogatory answers. See Exhibit C. The government followed-up the letter with informal reminders about the outstanding discovery issues. Finally, on September 9, 2005, having received no response, the government sent the defendants a second letter notifying them that the government would file a motion to compel compliance with its discovery requests if

[1] The Designer Collection had not yet been added as a party. However, The Designer Collection essentially is a successor company to Elite Designs. As such, the government's First Request for Production of Documents and First Set of Interrogatories to Elite Designs encompasses The Designer Collection.

defendants did not reply to the pending discovery issues by September 22, 2005. See Exhibit D. On September 15, 2005, the government sent the defendants a subsequent letter, detailing further deficiencies in defendants' document production. See Exhibit E.

More than two months have passed and defendants still have not complied with or adequately responded to the government's outstanding discovery requests. Because the defendants have refused to comply with their discovery obligations in this case, and because the government has been unable to resolve this dispute through negotiation, the government, pursuant to Fed. R. Civ. P. 26 and 37, moves this Court to compel defendants Anthony Antonelli, Elite Designs, and The Designer Collection to produce all of the outstanding information sought by the United States' First Request for Production of Documents and First Set of Interrogatories.

## II. Discovery Issues in Dispute and Arguments in Support of Motion

- **Government Interrogatory No 1. to Antonelli**

Identify each bank account which you have controlled and each asset with a value of more than $5,000 you own, lease or control (beneficially or as trustee) or have owned, leased or controlled now and since January 1, 2000, including but not limited to real and personal property, stocks, bonds or other securities, certificates of deposit and assets in each of your bank accounts.

- **Government Document Request No. 1 to Antonelli**

All audited or unaudited financial statements, all bank statements, all loan applications and related documents (including schedules of property), and all federal and state tax returns filed by you for the period January 1, 2000, to the present.

- **Government Interrogatory No. 3 to Elite Designs/The Designer Collection**

Identify each bank account which you have controlled and each asset with a value of more than $5,000 you own, lease or control (beneficially or as trustee) or have owned, leased or controlled now and since January 1, 2000, including but not limited to real and personal property, stocks, bonds or other securities, certificates of deposit and assets in each of your bank accounts.

- **Government Document Request No. 4 to Elite Designs/The Designer Collection**

All audited or unaudited financial statements, all bank statements, all loan applications and related documents (including schedules of property), and all federal and state tax returns filed by you for the period January 1, 2000, to the present.

**Summary of Defendants' Response:** The defendants object on the grounds that these interrogatories and document requests are oppressive, unduly burdensome, overly broad, seek information which is irrelevant, and are not reasonably calculated to lead to the discovery of admissible evidence. The defendants further object on the grounds that they exceed the scope of discovery discussed by the Court at the Rule 16 Conference held in this matter.[2]

**Government's Argument in Support of Motion:** The FTC Act dictates that "[i]n determining the amount of . . . a civil penalty, the court shall take into account the degree of culpability, any history of prior such conduct, ability to pay, effect on ability to continue to do business, and such other matters as justice may require." 15 U.S.C. § 45(m)(1)(C). Applicable case law also holds that ability to pay is a factor to be considered in civil penalty assessments. See, e.g., U. S. v. Reader's Digest Ass'n, Inc., 662 F.2d 955, 967 (3d Cir. 1981) (demonstrating that courts must consider five factors in determining the amount of a civil penalty assessment: (1) the good or bad faith of the defendants; (2) the injury to the public; (3) the defendant's ability to pay; (4) the desire to eliminate the benefits derived by a violation; and (5) the necessity of vindicating the authority of the FTC.)

At least three separate violations of the law–a basic disclosure document violation, an earnings disclosure violation, and an advertising disclosure violation–occurred each time an

---

[2] The defendants also have stated that they object to disclosing financial information on the grounds that such disclosure is inappropriate pre-judgment discovery.

investor purchased a display rack package from Elite Designs or The Designer Collection. Since approximately seventy investors purchased display rack packages, and the maximum civil penalty is $11,000[3] per violation, the government could seek a civil penalty of $33,000 per investor. Thus, defendants' potential exposure to civil penalties runs into the millions of dollars. In addition, the government seeks consumer redress in this case. With 70 investors, consumer redress could take over approximately $800,000 of defendants' assets.[4]

Defendants could eliminate "ability to pay" as an issue in this case were they to claim an ability to pay redress and civil penalties in these amounts. But they have done just the opposite. At Defendant Antonelli's deposition he was asked whether he could pay $700,000 in redress and $600,000 in civil penalties. He testified under oath that he could not. When asked why he responded in the negative to the ability to pay $700,000 in redress, opposing counsel directed Defendant Antonelli not to answer. See Exhibit F. Thus, defendants will insert an inability to pay a civil penalty of the magnitude the government is seeking, yet they refuse to provide discovery on this issue, which will be central to the Court's determination of the amount of any civil penalties. See, e.g., United States v. Danube Carpet Mills, Inc., 737 F.2d 988, 993-95 (11th Cir. 1984). Civil penalties can properly be assessed against both corporate and individual defendants. United States v. Hodges X-Ray, Inc., 759 F.2d 557, 561 (6th Cir. 1985); United

---

[3] 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (1997).

[4] The need for consumer redress and significant civil penalties will become apparent as this litigation proceeds. But some insight into the nature of defendants' business can be gleaned from the fact that the defendants used phony references to tout their business opportunity to consumers who called them, as discussed *infra* in the government's argument regarding Interrogatory No. 17.

States v. Building Inspector of America, Inc., 894 F. Supp. 507, 518-19 (D. Mass. 1995) (FTC Act). See, e.g., United States v. Dotterweich, 320 U.S. 277 (1943).

Since the government's financial requests are reasonably calculated to lead to discovery of admissible evidence, they are not "inappropriate" pre-judgment discovery. Moreover, there is no agreement among the parties to bifurcate discovery based on liability or remedy issues. Nor is there an order from this Court bifurcating these proceedings.[5] Accordingly, the government must pursue discovery relating to the defendants' financial condition simultaneously with discovery concerning liability issues. Without financial information relating to the defendants' ability to pay, the Court cannot determine an appropriate civil penalty in this case and the government would be hard-pressed to respond to any argument from the defendants that they are unable to pay the penalty the government asks the Court to impose. Thus, the defendants should be compelled to disclose the requested financial information.

- **Government Interrogatory No. 2 to Elite Designs/The Designer Collection**

> Describe any litigation, including, but not limited to, lawsuits, bankruptcy proceedings, arbitration, mediation, cease or desist proceedings, or adjudicatory proceedings before any state or federal governmental agency, in which the Company, or any of its officers or directors, is, or was, a party, include within your answer the identity of all parties and a description of the type of litigation, and identify each document of which you are aware concerning such litigation.

**Summary of Defendants' Response:** The defendants list two lawsuits and one civil

[5] At the Rule 16 Conference the Court acknowledged that the government is entitled to financial information. Due to opposing counsel's arguments at the Conference that defendants' businesses were not franchises because, as an example given, distributors did not have their own territories, the Court asked the government to refrain from financial discovery until it was certain defendants' businesses were franchises. The government possesses evidence from the pre-complaint investigation, corroborated by discovery provided in this litigation, that demonstrates that defendants' businesses meet the three conditions (none of which have anything to do with territorial restrictions) that make a business a franchise within the Franchise Rule.

investigative demand. The defendants affirmatively state that they are not subject to any cease or desist proceedings.

**Government's Argument in Support of Motion:** Defendants Antonelli and Elite Designs are subject to an August 2004 Order to Cease and Desist and Refrain ("Order") issued by the State of South Dakota Department of Revenue and Regulations, Division of Securities. The Order was issued after defendants Antonelli and Elite Designs failed to register a candle-related business venture advertised in a South Dakota newspaper, and made misrepresentations in connection with the business venture. The Order was not included in defendants' response. The government asked defendants in its letter of July 22 to explain why it was not included. Defendants never replied. Given this evidence that defendants' response was incomplete, defendants should be compelled to produce all relevant documents previously withheld.

- **Government Interrogatory No. 8 to Elite Designs/Designer Collection**

> Identify each and every person authorized by the Company to make earnings claims (including, but not limited to, estimates, statements or claims of projected, expected, possible or anticipated earnings if any of the Company's opportunities were purchased; statements, estimates or projections of the number of sales that could be expected, on a weekly or monthly basis, after purchasing any of the Company's opportunities; and, the amount that could be made off of each item supplied by the Company to prospective investors) during the period from January 1, 2000, to the present and describe each earnings claim authorized by the Company.

**Summary of Defendants' Response:** Anthony R. Antonelli, President and Ron Wattu, Director of Marketing. Defendants also direct the government to brochures, ads, and a sales pitch.

**Government's Argument in Support of Motion:** In its July 22 letter to defendants, the government requested that this response be supplemented. In addition to the two names provided

by the defendants, the government is aware of several other individuals who made earnings claims. For example, John McDonald, who was in charge of marketing along with Ron Wattu, is not listed. See Exhibit G. No sales representatives were identified. Defendant Antonelli testified that he reviewed a sales script containing claims about projected monthly and yearly earnings. See Exhibit H. The names of all persons who employed the sales script should have been supplied. The Court should compel defendants to identity all persons authorized to make earnings claims on behalf of Elite Designs and The Designer Collection from January 1, 2000 to the present.

- **Government Interrogatory No. 15 to Elite Designs/Designer Collection**

> Identify, all experts, if any, whom you propose to call as witnesses at the trial of this case and state the qualifications of each expert, the subject matter on which each expert is expected to testify, all facts and opinions to which each such expert is expected to testify, and give a summary of the basis for each such opinion.

**Summary of Defendants' Response:** Elite Designs has not yet determined who it will call as its expert witness(es) at the trial of this action.

**Government's Argument in Support of Motion:** On July 22, 2005, the government sought clarification of this response. It had been the government's understanding both due to conversations with opposing counsel prior to and during the Rule 16 Conference, that the defendants were not going to employ expert witnesses. As a result, the Pretrial Order issued by the Court established no deadline for the disclosure of expert witnesses. The government is entitled to know whether, and if the answer is "yes," who defendants plan to employ as expert witnesses at trial. In the alternative, the Court should impose a pretrial deadline for disclosure of expert witnesses well before the close of discovery on January 17, 2006.

- **Government Interrogatory No. 17 to Elite Designs/Designer Collection**

Identify each and every name given to an investor or prospective investor of any of the Company's opportunities as a reference or other source of information about the Company or its activities, state the terms and amounts of any consideration or compensation each person received for acting as a reference or source of information, identify each payment any such person made to the Company at any time for any reason, describe any discrepancy, if any, between the reference name given to investors and the real name of the reference, and identify all goods and services each such person received from the Company, including the date on which such goods or services were provided.

**Summary of Defendants' Response:** Unknown

**Government's Argument in Support of Motion:** Defendants' answer of "unknown" in response to this interrogatory is incomplete and disingenuous. Both Elite Designs and The Designer Collection provided potential investors with the names and telephone numbers of references. The references provided were not in fact genuine distributors, as defendants represented to consumers.

Madeline Wagner, a former sales representative for Elite Designs, testified in a recent deposition that she posed as an existing distributor in conversations with potential investors. Ms. Wagner explained that the sales representatives acted as references for each other. For instance, she would provide potential investors to whom she spoke in her capacity as a sales representative with the names and telephone numbers of Joseph Marano (a sales representative) and Diane Thompson (a sales representative), representing that Mr. Marano and Ms. Thompson were existing distributors. In turn, Mr. Marano and Ms. Thompson would direct potential investors with whom they spoke in their capacities as sales representatives to Ms. Wagner, representing that Ms. Wagner was an existing distributor. See Exhibit I. Ms. Wagner further testified that she received two checks from Defendant Antonelli: one for her work as a telemarketer and one for her work as a reference. See Exhibit J. Madeline Wagner's name was not provided in response

to this interrogatory.

Defendant Antonelli testified that he received a letter from a Designer Collection investor that identified John Timblin, a sales representative for The Designer Collection, as a reference. See Exhibit K. The name of John Timblin was not provided in response to the government's interrogatory. The Court should compel defendants to provide the names of all known references. Defendants should not be permitted to hide the identities of their bogus references. The use of such phony references is highly relevant in this litigation, in which the Franchise Rule requires a disclosure document listing genuine franchisees, and defendants' degree of culpability and "bad faith" are factors in calculating civil penalties.

- **Government Document Request No. 24 to Elite Designs/Designer Collection**

> All documents that relate to payments sent to or received from any person who acted as a reference for the Company, or to whom the Company referred any consumer for information about the Company; documents sufficient to show when each such person received any goods, products, or services from the Company; documents sufficient to show how much each such person paid for any goods, products, or services; and documents sufficient to identify the current or last known address and telephone number for each such person.

**Summary of Defendants' Response:** No Documents

**Government's Argument in Support of Motion:** As noted, Madeline Wagner testified that she received checks signed by Defendant Antonelli for both sales and reference work. In light of this testimony, defendants' response to this document request is incomplete. On September 15, 2005, a day after Ms. Wagner's deposition, the government sent defendants a letter requesting responsive documents previously withheld. See Exhibit E. The government has received no response and thus asks the Court to compel the production of all relevant documents, including checks and other records of payment (such as ledger entries).

- **Government Interrogatory No. 21 to Elite Designs/Designer Collection**

Identify all present or former directors, officers, employees,[6] agents, and representatives of Elite Designs, Inc., The Designer Collection, Inc., Country Kitchen Candles, Inc., Designer Scents, ExpresScents, Inc., Forever Scents, and Candles of Tomorrow, Inc. ("entity" or collectively, "entities,") during the time period January 1, 2000 to the present; the identification shall include which entity or entities the aforementioned persons were employed by.

**Summary of Defendants' Response:** The defendants provided the names of the directors and officers. Payroll records were provided for employees. However, the defendants stated that no agents/representatives exist for Elite Designs and The Designer Collection.

**Government's Argument in Support of Motion:** Many of the individuals who held themselves out to the public as Elite Designs or Designer Collection sales representatives (e.g., Lisa Santos, Erica Roberts, Nick Schofield) were not identified by the defendants. See Exhibit L. The names of Joe Match, whose title was Distributor Coordinator for The Designer Collection, and John McDonald, who by his own admission was head of the marketing department and who defendants identify in their initial disclosures as an individual likely to have discoverable information that defendants may use to support their defenses, also were not produced. See Exhibit M. The Court should compel defendants to provide all responsive names previously not identified.

- **Government Document Request No. 18 to Elite Designs/Designer Collection**

All contracts with telephone companies and all telephone bills.

**Summary of Defendants' Response:** Elite Designs objects to this request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks irrelevant documents

---

[6] The government's definition of "employee" encompassed agents, representatives, and independent contractors.

and/or information, and is not reasonably calculated to lead to the discovery of admissible evidence. Elite Designs further objects to this Request on the grounds that it is not limited in time.

**Government's Argument in Support of Motion:** In an effort to address defendants' concerns with this request, in its July 22 letter, the government limited the request to the year 2004 only. Since telephone bills may lead directly to admissible evidence, and the government limited the request to one year, the government asks the Court to compel the disclosure of these documents. Given defendants' non-compliance with interrogatories seeking the names of certain classes of individuals, demonstrated above, the government is particularly entitled to telephone information that may lead to additional witnesses defendants have improperly concealed.

Dated: October 3, 2005

Respectfully Submitted,

UNITED STATES OF AMERICA

PETER D. KEISLER, JR.
Assistant Attorney General
Civil Division
United States Department of Justice

EUGENE M. THIROLF
Director
Office of Consumer Litigation

AMY E. GOLDFRANK, Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
202 307-0050
Fax: 202 514-8742

OF COUNSEL:

ALLEN HILE
Acting Associate Director for Marketing Practices
Federal Trade Commission

MICHAEL J. DAVIS
Attorney
Federal Trade Commission
600 Pennsylvania Ave., N.W., Rm. 238
Washington, DC 20580
202 326-2458
Fax: 202 326-3395

ROBERT CLARK CORRENTE
United States Attorney

LISA DINERMAN Bar #2689
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401 709-5000
Fax: 401 709-5017

**CERTIFICATE OF SERVICE**

I hereby certify that the aforementioned "Memorandum in Support of Plaintiff's Motion to Compel Defendants to Produce Documents and Supplement Incomplete Interrogatory Answers" was sent from the Office of Consumer Litigation, Department of Justice, Washington, D.C. via Federal Express on October 3, 2005, to:

Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Attorney for Defendants Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Amy E. Goldfrank