UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELITE DESIGNS, INC., a Rhode Island corporation, and<br><br>THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and<br><br>ANTHONY ANTONELLI, individually and as an officer of the corporations,<br><br>Defendants. | C.A. NO. 05-058-S |

## CERTIFICATE OF COUNSEL PURSUANT TO FED. R. CIV. P. 37

The undersigned counsel certifies as follows:

1. I am lead counsel for plaintiff United States of America in this case.

2. On May 23, 2005, the government served the defendants with United States' First Request for Production of Documents From Elite Designs, Inc. and Anthony Anontelli and United States' First Set of Interrogatories for Elite Designs, Inc. and Anthony Antonelli.

3. On July 8, 2005, defendants responded to the aforementioned document requests and interrogatories. Defendants did not produce the requested financial documents nor provide answers to the financial questions. Furthermore, other

requested documents were not provided and several of defendants' answers to the government's interrogatories were deficient.

4. On July 22, 2005, the government sent a letter to defendants detailing its concerns with defendants' document production and interrogatory answers. A copy of the July 22, 2005 letter is attached.

5. Having not received a response to its letter of July 22, 2005, the government also made informal inquiries as to the status of defendants' response to the outstanding discovery issues.

6. On September 9, 2005, having still not received any documents or answers to the outstanding discovery matters, the government sent defendants a letter requesting that defendants reply without further delay to its July 22, 2005 letter concerning outstanding interrogatory and document request issues. The government wrote, "If you do not respond by September 22, the government will file a motion to compel compliance with our discovery requests." A copy of the September 9, 2005 letter is attached.

7. On September 15, 2005, as a result of information attained at a recent deposition, the government sent defendants a letter expressing additional concerns with defendants' document production. A copy of the September 15, 2005 letter is attached.

8. As of today, defendants have not produced the outstanding documents, supplemented the deficient interrogatory answers, nor even provided the government with a response to its letter of July 22, 2005.

9. Plaintiff, the United States, has made a good faith effort to resolve this discovery dispute, as required by the Federal Rules of Civil Procedure and the Local Rules. These efforts have failed.

I hereby declare, pursuant to 28 U.S.C. § 1746, that the foregoing is a true and correct statement.

Executed this 3rd day of October 2005.

Amy E. Goldfrank
AMY E. GOLDFRANK, Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
202 307-0050
Fax: 202 514-8742

CERTIFICATE OF SERVICE

I hereby certify that the aforementioned "Certificate of Counsel Pursuant to Fed. R. Civ. P. 37" was sent from the Office of Consumer Litigation, Department of Justice, Washington, D.C. via Federal Express on October 3, 2005, to:

Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Attorney for Defendants Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Amy E. Goldfrank

# JULY 22, 2005 LETTER

**U.S. Department of Justice**
**Office of Consumer Litigation**

**Amy E. Goldfrank**
Phone: 202-307-0050
Fax: 202-514-8742

**Overnight Delivery Address**
1331 Pennsylvania Ave., N.W., Suite 950N
Washington, D.C. 20004

**Mailing Address**
P.O. Box 386
Washington, D.C. 20044

July 22, 2005

VIA OVERNIGHT MAIL
Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Re: United States v. Elite Designs, Inc., et al.

Dear Mr. Reid:

I am writing in response to Anthony Antonelli's and Elite Designs, Inc.'s (collectively, "defendants") answers to the government's First Set of Interrogatories and First Request for Production of Documents.

The government is concerned with several aspects of defendants' interrogatory answers and document production. Pursuant to Local Rule 13(d), I am writing to confer with you in the hope that the parties can come to an agreement on these items without court intervention.

First, we object to defendants' refusal to produce the requested financial information. See Antonelli Interrogatory ("AA Int.") No. 1, Antonelli Document Request ("AA Request") No. 1, Elite Designs Interrogatory ("ED Int.") No. 3, and Elite Designs Document Request ("ED Request") No. 4. The government is entitled to such information. Federal Rule of Civil Procedure 26(b) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." The government is seeking civil penalties and consumer redress in its suit against the defendants. The defendants' financial information is thus central to the government's claims and should be produced. At the Rule 16 Conference, the Court acknowledged that we are entitled to financial information. Furthermore, it is our understanding that defendants are interested in the possibility of settlement. Serious settlement discussions cannot occur without the requested financial information. In short, this case cannot settle without proper financial disclosures. If the parties cannot come to an agreement on this issue we may turn to the Court for recourse.

Second, it appears that the response provided to ED Int. No. 2, which seeks a description of any litigation, including cease or desist proceedings or adjudicatory proceedings before any state or federal government agency in which defendants were a party, is incomplete. It is our understanding that an Order to Cease and Desist and Refrain ("Order") was issued by the State of South Dakota Department of Revenue and Regulations, Division of Securities, against the

defendants on August 10, 2004. The defendants subsequently responded to the Order on August 20, 2004. The government asks that defendants explain why the Order was not included in their response. We are concerned that other omissions may also exist. If any documents related to the South Dakota Order, or some other undisclosed matter, exist such items should be produced pursuant to ED Request No. 9.

Third, the government asks that the answer provided to ED Int. No. 8, requesting the identify of each person authorized by defendants to make earnings claims, be clarified. Two names are provided: Anthony Antonelli and Ron Wattu. The government is aware that John McDonald, head of marketing for Elite Designs, Inc., and several sales representatives, including Erica Roberts, Nicholas Schofield, and Allison Santos made earnings claims to potential investors. Please explain why none of the aforementioned names appear in response to this interrogatory.

Fourth, the government has reason to believe that the response to ED Int. No. 10 is incomplete. The interrogatory seeks the identification of all publications, including Internet websites, in which defendants have advertised. The only Internet website contained in the answer is ExpresScents.com. The government is aware of other responsive Internet websites, including jewelryprofit.com, candleprofit.com, and designerscents.com. Please explain why none of the aforementioned sites appear in response to this interrogatory. See also ED Request No. 6.

Fifth, the government seeks clarification of the response provided to ED Int. No. 15, which asks for the identification of all experts who may be called as witnesses at trial. It was the government's understanding, through conversations with you and the discussion held at the Rule 16 conference, that you were not going to employ expert witnesses. Please expand upon whether your position toward expert witnesses has changed.

Sixth, the government seeks a more specific answer to ED Int. No. 16, which asks that any goods, services, or products that defendants sell or offered to sell which are identified by trademark, service mark, trade name or other unique or exclusive commercial symbol be identified. The answer directs the government to defendants' promotional brochures. Please identify by name any such trademark, service name, trade name or other unique or exclusive commercial symbol. See also ED Request No. 28.

Seventh, the government seeks an explanation as to why defendants cannot, at minimum, identify the references given to investors or prospective investors. See ED Int. No. 17. We are aware of several names of references given to prospective investors. Defendants' answer of "unknown" in response to this interrogatory is incomprehensible.

Eighth, the government does not understand the answer provided to ED Int. No. 18, which seeks the identify of every insurance policy maintained by defendants. Defendants provide that an inquiry has been made as to the existence of any insurance coverage. This does

not answer the question. Have defendants received an answer from the insurance provider and, if so, what is the answer?

Ninth, ED Int. No. 21 asks defendants to identify all present or former employees during the time period January 1, 2000 to the present. Payroll records are provided in response to this request. None of the employees who have come to the attention of the government are included on the payroll records, e.g., John McDonald, Erica Roberts, Phyllis Rossi, Nicholas Schofield, and Allison Santos. The government asks defendants to explain the discrepancy between these employees and the payroll records which purport to identify all employees.

Tenth, we ask that you produce, at minimum, the complaint, non-privileged settlement documents, and stipulation of dismissal in Case No. 20D02-0401-CC14, Treasure Enterprises, LLP v. Elite Designs, Inc.. See ED Request No. 9.

Eleventh, you objected to producing any telephone bills as requested by ED Request No. 18, saying the claim was too broad and not defined by time period. Please provide all of defendants' contracts with telephone companies and all telephone bills for the year 2004 only.

Twelfth, defendants assert that the identities of all investors since January 1, 2000, and documents containing the names, addresses and phone numbers of such investors have been provided. See ED Int. No. 6 and ED Request No. 25. The list does not include the names of any Elite Designs, Inc., investors. Please explain why the names of Elite Designs, Inc., investors were not produced. Also, some Designer Collection, Inc., investors appear to have invested in 2003, which pre-dates the founding of The Designer Collection, Inc. Please explain this discrepancy.

Thirteenth, in response to ED Request No. 27, you assert that Designer Scents and Forever Scents were never corporate entities but rather product names. Certain promotional material identifies Designer Scents as a division of Elite Designs, Inc. See attached Exhibit A. Please provide an answer explaining the discrepancy between your answer and the promotional material.

Fourteenth, you claim on numerous occasions that Country Kitchen Candles, Inc., Designer Scents, ExpresScents, Inc., Forever Scents, and Candles of Tomorrow, Inc., are not and never have been engaged in the sale of fashion jewelry display rack business ventures. The promotional material for these companies suggests otherwise. Advertisements for fashion jewelry display racks appear in the candle brochures, enticing potential investors with claims such as "when you become a candle distributor you also have the luxury to market our jewelry line in the same locations" and "now with one supplier you're not buying one business but you're buying many!!!" See attached Exhibit B. Your objection fails due to these inter-connections. Please provide responsive interrogatory answers and documents you withheld based on this objection.

Lastly, please explain the statement that "while Elite Designs, Inc. has sold jewelry to The Designer Collection, Inc., which jewelry was sold to distributors by The Designer Collection, Inc., neither Elite Designs, Inc. nor The Designer Collection, Inc. . . . provides to distributors the services of a person able to secure retail outlets, account sites or locations." See AA Int. No. 2, ED Int. No. 4, and ED Int. No. 22. Are defendants contending that Elite Designs, Inc. never sold jewelry directly to distributors? Also, how did Elite Designs, Inc. and The Designer Collection, Inc. not "provide[] to distributors the services of a person able to secure retail outlets, account sites or locations[?]" Defendants provided the names and numbers of locating services in their promotional packets and advertised that "prime high volume stores are provided for you" on the Internet. See Attached Exhibits C and D. Please explain your answer in light of Exhibits C and D.

I look forward to your response. As always, please do not hesitate to contact me if you have any questions.

Sincerely,

Amy E. Goldfrank

Amy E. Goldfrank
Trial Attorney

# SEPTEMBER 9, 2005 LETTER

**U.S. Department of Justice**
**Office of Consumer Litigation**

**Amy E. Goldfrank**
Phone: 202-307-0050
Fax: 202-514-8742

**Overnight Delivery Address**
1331 Pennsylvania Ave., N.W., Suite 950N
Washington, D.C. 20004

**Mailing Address**
P.O. Box 386
Washington, D.C. 20044

September 9, 2005

VIA OVERNIGHT MAIL
Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Re: United States v. Elite Designs, Inc., et al.

Dear Mr. Reid:

As you are aware, a mandatory settlement conference has beet set for September 21, 2005, before Magistrate Judge Lovegreen. While the government will comply with the Notice of Mandatory Settlement Conference issued by the Magistrate, the effectiveness of the settlement conference is severely curtailed by the fact that defendants Elite Designs, Inc., The Designer Collection, Inc., and Anthony Antonelli are unwilling to produce relevant financial information.

The government issued its First Set of Interrogatories and First Request for Production of Documents to defendants on May 23, 2005. Answers to the interrogatories and documents were provided to the government on July 8. On July 22, the government sent you a letter detailing its concerns with several aspects of defendants' interrogatory answers and document production, including defendants' refusal to produce pertinent financial information.

As part of any settlement, the government is seeking consumer redress and civil penalties. A defendant's ability to pay is a primary factor to be considered in formulating civil penalties. See e.g., United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131 (4th Cir. 1996), and United States v. Danube Carpet Mills. Inc., 737 F.2d 988 (11th Cir. 1984). Thus, until the government is provided with documents illustrating defendants' financial resources, the government is at a loss as to what an acceptable settlement should look like.

Especially in light of the pending mandatory settlement conference, the government asks that defendants reconsider their position toward the requested financial materials. The government also respectfully requests that defendants reply without further delay to its July 22 letter concerning outstanding interrogatory and document request issues. If you do not respond by September 22, the government will file a motion to compel compliance with our discovery requests.

Sincerely,

Amy E. Goldfrank
Trial Attorney

# SEPTEMBER 15, 2005 LETTER

**U.S. Department of Justice**
**Office of Consumer Litigation**

**Amy E. Goldfrank**
Phone: 202-307-0050
Fax: 202-514-8742

**Overnight Delivery Address**
1331 Pennsylvania Ave., N.W., Suite 950N
Washington, D.C. 20004

**Mailing Address**
P.O. Box 386
Washington, D.C. 20044

September 15, 2005

VIA OVERNIGHT MAIL
Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Re: United States v. Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Dear Mr. Reid:

The government issued its First Request for Production of Documents From Elite Designs, Inc. in the above-titled matter on May 23, 2005. Specifically, Document Request No. 24 sought:

> All documents that relate to payments sent to or received from any person who acted as a reference for the Company, or to whom the Company referred any consumer for information about the Company; documents sufficient to show when each such person received any goods, products, or services from the Company; documents sufficient to show how much each such person paid for any goods, products, or services; and documents sufficient to identify the current or last known address and telephone number for each such person.

Defendants provided responses to the First Request for Production of Documents From Elite Designs, Inc. on July 8, 2005. Defendants' response to Document Request No. 24 was "no documents." In light of the testimony of Madeline Wagner at her deposition yesterday that she received checks signed by Mr. Antonelli for both sales and reference work, it appears that your client's response to Document Request No. 24 was incomplete. Your clients needs to produce all checks and other records of payment (such as ledger entries) relevant to Ms. Wagner and any other person who acted as a reference for the business. Please provide responsive documents within two weeks.

Furthermore, defendants' response provided to Document Request No. 15 also appears to be deficient. Document Request No. 15 seeks:

> Any documents that identify by name, address and telephone number, both home and business, all officers, directors and employees of the Company since January 1, 2000.

Ms. Wagner is an employee of the Company, as defined in the government's First Request for Production of Documents from Elite Designs, Inc.[1] Ms. Wagner's name does not appear on any document produced by defendants to date. The government thus requests that your clients produce all responsive documents related to Ms. Wagner and all other Company employees who have not yet been disclosed, within two weeks.

Sincerely,

Amy E. Goldfrank
Trial Attorney

---

[1] The term "employee" encompasses all agents, representatives, and consultants, including independent contractors.