UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
Plaintiff

vs. C.A. NO. 05-058-S

ELITE DESIGNS, INC., A RHODE ISLAND CORPORATION, THE DESIGNER COLLECTION, INC., A RHODE ISLAND CORPORATION, AND ANTHONY ANTONELLI, INDIVIDUALLY AND AS AN OFFICER OF THE CORPORATIONS
Defendants

# DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL

Defendants, Elite Designs, Inc., a Rhode Island Corporation, The Designer Collection, Inc., a Rhode Island Corporation, and Anthony Antonelli, Individually and as an Officer of the Corporations (collectively, "Defendants"), hereby object to Plaintiff's Motion To Compel Defendants Elite Designs, Inc., The Designer Collection, Inc., And Anthony Antonelli To Produce Documents And Supplement Incomplete Interrogatory Answers for the reasons set forth in detail in the accompanying Memorandum in support of this Objection.

**WHEREFORE**, Defendants respectfully request that Plaintiff's Motion To Compel be denied and that the Court enter an Order requiring the Government to reimburse Defendants for their attorneys' fees, costs, and expenses reasonably incurred in opposing that Motion.

Elite Designs, Inc., a Rhode Island Corporation, The Designer Collection, Inc., a Rhode Island Corporation, and Anthony Antonelli, Individually and as an Officer of the Corporations

By their Attorneys,

Stephen J. Reid, Jr. #2811
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: October 17, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of October, 2005, I caused a copy of the foregoing Defendants' Objection To Plaintiff's Motion To Compel to be mailed to:

Amy E. Goldfrank, Esq.
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
Plaintiff

vs. C.A. NO. 05-058-S

ELITE DESIGNS, INC., A RHODE ISLAND CORPORATION, THE DESIGNER COLLECTION, INC., A RHODE ISLAND CORPORATION, AND ANTHONY ANTONELLI, INDIVIDUALLY AND AS AN OFFICER OF THE CORPORATIONS
Defendants

# MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL

## I. Background

In advance of the scheduling of a Rule 16 Conference in this matter, counsel for defendants Elite Designs, Inc., a Rhode Island Corporation, and Anthony Antonelli, Individually and as an Officer of t he Corporation (collectively, "Defendants")[1], suggested to counsel for the Government that if there was particular information and/or documentation which the Government was interested in receiving from Defendants, counsel should make an informal request therefor, which request would be given due consideration. In response to this suggestion, on March 28, 2005, counsel for the Government sent a four-plus page letter to counsel for Defendants, wherein twenty (20) separate categories of information and documentation were sought, including:

---

[1] The Designer Collection, Inc., a Rhode Island Corporation, was added as a defendant pursuant to the granting by the Court of Plaintiff's Motion For Leave To File Amended Complaint on August 31, 2005. Therefore, it was not a party to this action when the discovery which is the subject of Plaintiff's Motion To Compel was served.

h. Completed financial disclosure forms (Forms OBD-500 and OBD-500C) for both Elite Designs and Mr. Antonelli (copies enclosed)[2];

i. Identify each bank account which either Elite Designs or Mr. Antonelli has controlled and each asset with a value of more than $5000 either defendant owns, leases or controls (beneficially or as trustee) or has owned, leased or controlled now and since January 1, 2000, including but not limited to real and personal property, stocks, bonds or other securities, certificates of deposit and assets in each of the defendants' bank accounts;

Counsel for Defendant responded to counsel for the Government prior to the conduct of the Rule 16 Conference that the request for the information sought by paragraphs h. and i. of the March 28, 2005 letter was premature (getting the cart before the horse) and excessive (hunting for mice with an elephant gun). At the Rule 16 Conference held on Mary 16, 2005, counsel for Defendants informed Judge Smith of the March 28, 2005 letter, particularly paragraphs h. and i. thereof, and respectfully suggested to the Court that financial discovery would be premature and should be postponed until the Government completed discovery on liability issues. Judge Smith agreed with this suggestion and informed counsel for the respective parties that a status conference should be scheduled at an appropriate time after all non-financial discovery was completed. The Government has not requested the scheduling of such a status conference.

---

2 Form OBD-500 is entitled "Financial Statement of Debtor: (4 pages); Form OBD-500 C is entitled Financial Statement of Corporate Debtor: (8 pages).

Undaunted by Judge Smith's agreement with the suggestion of counsel for Defendants and the Court's clearly stated preference for a status conference, counsel for the Government:

a. served discovery requests seeking the disclosure of financial information, to which Defendants have objected; and

b. filed Plaintiff's Motion To Compel, which includes certain of those requests for financial information.

## II. Argument

**A.** The first four discovery requests which are the subject of Plaintiff's Motion To Compel constitute requests seeking the disclosure of financial information.

Those discovery requests and the responses of Defendants thereto are as follows:

**Interrogatory No. 1 (to Antonelli):** Identify each bank account which you have controlled and each asset with a value of more than $5,000 you own, lease or control (beneficially or as trustee) or have owned, leased or controlled now and since January 1, 2000, including but not limited to real and personal property, stocks, bonds or other securities, certificates of deposit and assets in each of your bank accounts.

**Answer:** Antonelli objects to this Interrogatory on the grounds that it is oppressive, unduly burdensome, overly broad, seeks information which is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Antonelli further objects to this Interrogatory on the grounds that it exceeds the scope of discovery discussed by the Court at the Rule 16 Conference held in this matter.

**Request No. 1 (to Antonelli):** All audited or unaudited financial statements, all bank statements, all loan applications and related documents (including schedules of property), and all federal and state tax returns filed by you for the period January 1, 2000, to the present.

**Response:** Antonelli objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents and/or information which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Antonelli further objects to this Request on the grounds that it exceeds the scope of discovery discussed by the Court at the Rule 16 Conference held in this matter.

**Interrogatory No. 3 (to Elite Designs):** Identify each bank account which you have controlled and each asset with a value of more than $5,000 you own, lease or control (beneficially or as trustee) or have owned, leased or controlled now and since January 1, 2000, including but not limited to real and personal property, stocks, bonds or other securities, certificates of deposit and assets in each of your bank accounts.

**Answer:** Elite Designs objects to this Interrogatory on the grounds that it is oppressive, overly broad, unduly burdensome, seeks information which is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Elite Designs further objects to this Interrogatory on the grounds that it exceeds the scope of discovery discussed by the Court at the Rule 16 Conference in this matter.

**Request No. 4 (to Elite Designs):** All audited or unaudited financial statements, all bank statements, all loan applications and related documents (including schedules of property), and all federal and state tax returns filed by you for the period January 1, 2000, to the present.

**Response:** Elite Designs objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks irrelevant documents and/or information, and is not reasonably calculated to lead to the discovery of admissible evidence. Elite Designs further objects to this Request on the grounds that it exceeds the scope of discovery discussed by the Court at the Rule 16 Conference held in this matter.

Each of the foregoing Answers to Interrogatories and Responses to Requests For Production incorporate objections consistent with Judge Smith's instructions at the Rule

16 Conference and those objections should be sustained for that reason.[3] In addition, the "ability to pay" is but one of five factors considered under the statute (15 U.S.C. §45(M)(1)(C)) and case law cited by Government in its Memorandum (at page 4). Each of the other four factors should at least be addressed, if not satisfied, before discovery on the subject of "ability to pay" is allowed to proceed, which was implicitly recognized by Judge Smith at the Rule 16 Conference.

**B. Interrogatory No. 2 (to Elite Designs)**[4]

While Elite Designs inadvertently responded "None" to this Interrogatory with respect to Cease or Desist Proceedings, the Government clearly is aware of the Order To Cease And Desist And Refrain And Opportunity For Hearing issued by the State of South Dakota Department Of Revenue & Regulation Division Of Securities on or about August 10, 2004.[5] Notwithstanding this inadvertence, Elite Designs objected to the Interrogatory "to the extent that it seeks the identity of 'each document of which you are aware concerning such litigation' on the grounds that it is vague, overly broad,

---

[3] Moreover, each of the Interrogatories and Requests seek information "for the period January 1, 2000, to the present." It is clear from the deposition testimony of Antonelli that the jewelry display rack distributorship business which is the subject of this action was commenced in or about the Spring of 2003.

[4] The remaining specific Interrogatories and Answers and the remaining specific Document Requests and Responses which are the subject of Plaintiff's Motion To Compel, as addressed hereafter, are attached as Exhibit B to the Memorandum In Support Of Plaintiff's Motion To Compel.

[5] Counsel for the Government questioned Antonelli about this Order at his deposition taken on July 28, 2005 and a copy of the Order is Government Exhibit 2 to the transcript of that deposition.

unduly burdensome, and oppressive." Elite Designs repeats that objection here and asserts that its previous inadvertence with respect to "Cease or Desist Proceedings" does not validate the document request contained within the Interrogatory.

C. Interrogatory 8 (to Elite Designs)

Elite Designs has answered this Interrogatory fully and completely. The Government now seeks to expand upon the original of this Interrogatory to include "[t]he names of all persons who employed the sales script." Not only was that not part of the original Interrogatory, but Antonelli has testified at his deposition that Elite Designs engaged Ron Wattu's services as Director of Marketing, that Mr. Wattu was in charge of engaging independent sales representatives, and that Antonelli did not know the names of those sales representatives. Therefore, Elite Designs has answered this Interrogatory. If the Government wishes to pursue further information in this regard, it should take the deposition of Mr. Wattu.

D. Interrogatory No. 15 (to Elite Designs)

This Interrogatory was clearly answered:

> Elite Designs has not as yet determined who it will call as its expert witness[es] at the trial of this action.

When Elite Designs makes a determination with respect to the use of expert witness[es] at the trial of this action, it will supplement its Answer.

E. Interrogatory No. 17 (to Elite Designs)

The Answer to this Interrogatory could not be clearer: "Unknown." Again, Elite Designs engaged the services of Ron Wattu as its Director of Marketing, as testified

to by Antonelli at his deposition. Antonelli and Wattu had a falling out over Wattu's conduct with respect to the marketing of jewelry display rack distributorships, as a result of which Wattu's services were terminated. As Antonelli testified at his deposition, that conduct included Wattu's use of sales representatives and others as references. Simply stated, Elite Designs cannot provide information which it does not have or know.[6] If the Government wants to obtain further information in this regard, it should take t he deposition of Watter.

F. **Document Request No. 24 (to Elite Designs):**

The Answer to this Interrogatory was "No Documents" and necessarily follows the Answer "Unknown" to Interrogatory No. 17, above. If Elite Designs does not know the identify of any reference, how could it possibly have known who it was sending payments, if any, for serving as a reference. Again, Antonelli testified at length on this subject at his deposition.

G. **Interrogatory 21 (to Elite Designs):**

Elite Designs responded to this Interrogatory by identifying Antonelli and providing copies of payroll records. That others may have held themselves out to the public as agents or representatives of Elite Designs does not mean that they were such agents or representatives. See argument regarding items D and E, above. Moreover, Antonelli was asked at his deposition about several named individuals, purportedly

---

[6] The Government's references to the deposition testimony of Madeline Wagner in support of its argument is completely disingenuous , as Ms. Wagner testified at her deposition that she never met or ever spoke with Antonelli, and that all of her dealings were with Wattu. See Exhibit "A", hereto.

agents or representatives of Elite Designs, and testified that he did not know those individuals.

**H. Document Request No. 18 (to Elite Designs)**

To the extent that the Government is willing to limit this Request to telephone bills for calendar year 2004, Elite Designs agree that it will produce such telephone bills as it may have in its possession. Elite Designs and Antonelli categorically deny that they have "improperly concealed" the identify of any witnesses.

Elite Designs, Inc., a Rhode Island corporation, The Designer Collection, Inc., a Rhode Island Corporation, and Anthony Antonelli, individually and as an officer of the corporation

By their Attorneys,

Stephen J. Reid, Jr. #2817
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: October 17, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of October, 2005, I caused a copy of the foregoing Memorandum In Support Of Defendants' Objection To Plaintiff's Motion To Compel to be mailed to:

Amy E. Goldfrank, Esq.
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044