UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ELITE DESIGNS, INC., a Rhode Island corporation, and THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and ANTHONY ANTONELLI, individually and as an officer of the corporations,<br>Defendants. | : | CA 05-058 S |

**ORDER RE**
**PLAINTIFF'S MOTION TO COMPEL**

Before the court is Plaintiff's Motion to Compel Defendants Elite Designs, Inc., The Designer Collection, Inc., and Anthony Antonelli to Produce Documents and Supplement Incomplete Interrogatory Answers (Document #14) ("Motion to Compel"). A hearing was held on November 10, 2005, at which the court ruled as follows regarding the interrogatories and requests for production listed below.

1. Government Interrogatory No. 1 to Antonelli;
   Government Document Request No. 1 to Antonelli;
   Government Interrogatory No. 3 to Elite Designs/ The Designer Collection; and
   Government Document Request No. 4 to Elite Designs/ The Designer Collection.

The Motion to Compel is **DENIED** as to the above numbered interrogatories and requests for production.

Plaintiff and Defendants are in agreement that at the Rule 16 Conference Judge Smith, in response to counsel's arguments, made a distinction between discovery concerning liability and

financial discovery and directed that discovery concerning liability was to proceed first. They disagree as to what Judge Smith indicated regarding when financial discovery would proceed.

The court finds Plaintiff's contention that Judge Smith "asked the government to refrain from financial discovery until it was certain defendants' businesses were franchises," Memorandum in Support of Plaintiff's Motion to Compel Defendants to Produce Documents and Supplement Incomplete Interrogatory Answers ("Plaintiff's Mem.") at 6 n.5, is implausible.[1] Plaintiff presumably was confident of this fact when it filed the action. Directing Plaintiff to forbear from conducting financial discovery until it was "certain" would seem to do little to address the concern which apparently caused Judge Smith to differentiate between the two types of discovery and to order that liability discovery proceed first. Furthermore, the procedure Plaintiff describes would enable Plaintiff to make a unilateral determination as to when financial discovery should commence. The court doubts that this was what Judge Smith had in mind when he indicated that financial discovery should not go forward immediately.

In addition, the court finds merit in the argument that financial discovery should be delayed until the issue of liability has been determined. If there is no liability, there is no need for this discovery.[2] Defendants should not be

---

[1] In making this finding, the court does not intend to suggest that Plaintiff has misrepresented what occurred at the Rule 16 Conference. The court accepts the statements and representations of both counsel regarding the Conference as their honest recollection and understanding of what transpired there. However, they both cannot be correct, and the court resolves the conflict on the basis of what seems more plausible.

[2] During the status conference on November 10, 2005, which was conducted immediately preceding the hearing on the instant motion, Plaintiff's counsel indicated that the financial discovery was only

burdened with this type of discovery prior to a determination that they are in fact liable.

2. Government Interrogatory No. 2 to Elite Designs/The Designer Collection.

The Motion to Compel is **GRANTED** as to the above numbered interrogatory. Defendants shall file a supplemental response to this interrogatory which includes: 1) a complete listing of all lawsuits, including the Cease and Desist and Refrain Order issued by the State of South Dakota, 2) an explanation why the Cease and Desist and Refrain Order was omitted from Defendants' original response to this interrogatory, and 3) an affirmative statement that Defendants have now fully and completely answered this interrogatory.

3. Government Interrogatory No. 8 to Elite Designs/The Designer Collection.

The Motion to Compel is **GRANTED** as to the above numbered interrogatory.

4. Government Interrogatory No. 15 to Elite Designs/The Designer Collection.

The Motion to Compel is **GRANTED** as to the above numbered interrogatory. Defendants shall identify any expert witnesses by December 7, 2005.[3]

---

needed to determine Defendants' ability to pay damages and/or penalties. During the hearing, Plaintiff's counsel changed her position and stated that the financial discovery was also needed to determine the harm to consumers from Defendants' actions. The court found this argument unpersuasive.

[3] In consideration for having until December 7, 2005, to disclose expert witnesses, counsel for Defendants agreed that counsel for Plaintiff could have until January 24, 2006, to depose such experts if she was unable to complete depositions prior to the close of discovery on January 17, 2006.

5. Government Interrogatory No. 17 to Elite Designs/The Designer Collection.

The Motion to Compel is **GRANTED** as to the above numbered interrogatory. Defendants shall make a good faith, diligent attempt to fully and completely respond to the interrogatory.

6. Government Document Request No. 24 to Elite Designs/The Designer Collection.

The Motion to Compel is **GRANTED** as to the above request. Plaintiff is entitled to obtain copies of the requested documents directly from Defendants, and Plaintiff need not disclose what documents it already has obtained from third parties which may be responsive to this request.

7. Government Interrogatory No. 21 to Elite Designs/The Designer Collection.

The Motion to Compel is **GRANTED** as to this interrogatory to the extent that Defendants are to fully and completely identify all present or former directors, officers, employees, agents, and representatives of Elite Designs, Inc., and The Designer Collection, Inc., including persons whom Defendants believe to be "independent contractors" of an "independent contractor."

8. Government Document Request No. 18 to Elite Designs/The Designer Collection.

The Motion to Compel is moot as to this request because Defendants have agreed to provide, and Plaintiff has agreed to accept, all contracts with telephone companies and all telephone bills for 2004.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
November 14, 2005

BY ORDER:

Deputy Clerk