UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ELITE DESIGNS, INC., a Rhode Island corporation, and<br>THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and<br>ANTHONY ANTONELLI, individually and as an officer of the corporations,<br>Defendants. | C.A. NO. 05-058-S |

**PLAINTIFF UNITED STATES' MOTION TO COMPEL DEFENDANTS ELITE DESIGNS, INC., AND THE DESIGNER COLLECTION, INC., TO PRODUCE DOCUMENTS PURSUANT TO UNITED STATES' SECOND AND THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Plaintiff, the United States of America, filed this action against defendants Anthony Antonelli and Elite Designs, Inc., on February 14, 2005. On September 2, 2005, the government filed an amended complaint adding The Designer Collection, Inc., as a defendant.

2. On September 15, 2005, the government issued its Second Request for Production of Documents From Elite Designs, Inc. and The Designer Collection, Inc., ("Second Request for Production of Documents").

3. On September 30, 2005, the government issued its Third Request for Production of Documents From Elite Designs, Inc., and The Designer Collection, Inc., ("Third Request for Production of Documents").

4. On October 27, 2005, the government sent a letter to defendants reminding them of the outstanding Second Request for Production of Documents and stating that the government would file a motion with the Court to compel the documents if defendants do not provide a response by November 7, 2005.

5. On November 7, 2005, the government received a response to its Second Request for Production of Documents. Defendants stated that the requested documents, to the extent non-privileged, will be copied and produced. A date by which the documents will be produced is not provided.

6. On November 10, 2005, a status conference was held before United States Magistrate Judge David L. Martin. At the status conference, the government inquired as to when defendants would produce the documents requested in the United States' Second Request for Production of Documents. Opposing counsel refused to provide a specific date by which the documents would be produced. The government also noted that defendants had not responded to the United States' Third Request for Production of Documents issued on September 30, 2005. Instead of addressing either outstanding document request, opposing counsel told the government that it could file a motion to compel.

7. The requested documents are directly relevant to the government's claims and, as such, are proper discovery.

8. As demonstrated in the attached certificate, counsel for the government has attempted

in good faith to resolve these discovery disputes but has been unable to do so.

WHEREFORE, plaintiff, the United States of America, respectfully requests that, pursuant to Fed. R. Civ. P. 37, the Court grant plaintiff's Motion compelling defendants to produce the requested documents within five (5) business days of the granting of this Motion. The United States of America also asks that the Court grant plaintiff the costs and attorney's fees incurred in bringing this Motion.

Respectfully submitted,

UNITED STATES OF AMERICA

PETER D. KEISLER, JR.
Assistant Attorney General
Civil Division
United States Department of Justice

EUGENE M. THIROLF, Director
Office of Consumer Litigation

Amy E. Goldfrank

AMY E. GOLDFRANK, Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
202 307-0050
Fax: 202 514-8742

ROBERT CLARKE CORRENTE
United States Attorney

LISA DINERMAN Bar #2689
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401 709-5000

OF COUNSEL:

ALLEN HILE
Acting Associate Director for Marketing Practices
Federal Trade Commission

MICHAEL J. DAVIS
Attorney
Federal Trade Commission
600 Pennsylvania Ave, NW
Washington, DC 20580

**CERTIFICATE OF SERVICE**

I hereby certify that the aforementioned "Plaintiff United States' Motion to Compel Defendants Elite Designs, Inc. and The Designer Collection, Inc. to Produce Documents Pursuant to United States' Second and Third Requests for Production of Documents" was sent via regular mail on November 17, 2005, to:

Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Attorney for Defendants Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Amy E. Goldfrank

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ELITE DESIGNS, INC., a Rhode Island corporation, and<br>THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and<br>ANTHONY ANTONELLI, individually and as an officer of the corporations,<br>Defendants. | C.A. NO. 05-058-S |

**MEMORANDUM IN SUPPORT OF PLAINTIFF UNITED STATES' MOTION TO COMPEL DEFENDANTS ELITE DESIGNS, INC., AND THE DESIGNER COLLECTION, INC., TO PRODUCE DOCUMENTS PURSUANT TO UNITED STATES' SECOND AND THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS**

## I. Introduction

Plaintiff, the United States of America, filed this action against defendants Anthony Antonelli and Elite Designs, Inc., on February 14, 2005. On September 2, 2005, the government filed an amended complaint adding The Designer Collection, Inc., as a defendant. The action alleges that defendants Anthony Antonelli, Elite Designs, Inc., and The Designer Collection, Inc., violated Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the Federal Trade Commission's Trade Regulation Rule entitled "Disclosure Requirements and

Prohibitions Concerning Franchising and Business Opportunity Ventures" ("Franchise Rule"), 16 C.F.R. Part 436. The government seeks injunctive relief, consumer redress, and civil penalties, as authorized by the FTC Act. 15 U.S.C. §§ 45(m)(1)(A), 53(b) and 57b.

## II. Discovery Issues

On September 15, 2005, the government issued its Second Request for Production of Documents From Elite Designs, Inc. and The Designer Collection, Inc., ("Second Request for Production of Documents"). See United States' Second Request for Production of Documents marked as Exhibit A. The Second Request for Production of Documents seeks all documents that relate to payments defendants sent to or received from several individuals whom the government has reason to believe defendants paid to pose as jewelry distributors and act as references for defendants in an effort to attract investors.

On September 30, 2005, the government issued its Third Request for Production of Documents From Elite Designs, Inc., and The Designer Collection, Inc., ("Third Request for Production of Documents"). See United States' Third Request for Production of Documents marked as Exhibit B. The Third Request for Production of Documents seeks all Internal Revenue Service Forms 1099 that defendants sent to employees between the time period 2002 and today.

On October 27, 2005, more than 30 days after service of the United States' Second Request for Production of Documents, the government sent a letter to defendants reminding them of the outstanding document request. The letter provided that, "[i]f defendants do not provide a response by November 7, 2005, the government will thereafter file a motion with the Court to compel the documents requested." See October 27, 2005, letter marked as Exhibit C.

On November 7, 2005, the government received a response to its Second Request for Production of Documents. Defendants stated that to the extent Elite Designs, Inc., and The Designer Collection, Inc., are in possession of the requested documents, and such documents are not protected by the attorney-client privilege and/or the work product privilege, those documents will be copied and produced. A date by which the documents will be produced is not provided. See Response of Elite Designs, Inc., and The Designer Collection, Inc., to United States' Second Request for Production of Documents marked as Exhibit D.

On November 10, 2005, a status conference was held before United States Magistrate Judge David L. Martin. At the status conference, the government inquired as to when defendants would produce the documents requested in the United States' Second Request for Production of Documents. Opposing counsel refused to provide a specific date by which the documents would be produced, but instead told the government that it could file a motion to compel. In an effort to confer, the government also noted that defendants had not responded to the United States' Third Request for Production of Documents issued on September 30, 2005. Instead of addressing the outstanding document request, answering the government's inquiry, seeking an extension of time, claiming privilege, or seeking a modification of the Third Request for Production of Documents, opposing counsel told the government that it could file a motion to compel. Because the defendants refuse to cooperate in discovery without a compulsion order, the government is constrained to file this Motion.

Two months have passed since the government issued its Second Request for Production of Documents. The requested documents are directly relevant to the government's claims that injunctive relief, consumer redress, and a significant civil penalty are warranted. As such, and as

defendants concede, the documents are discoverable. The documents, long past due, should be immediately disclosed. Furthermore, the Internal Revenue Service Forms 1099 the government is seeking through its Third Request for Production of Documents also is proper discovery. The documents will lead to the identities of witnesses who possess relevant knowledge, illuminate which employees were most involved in the franchise schemes, and who paid whom. Since relevant, the documents should be immediately disclosed.

## III. Conclusion

The Motion to Compel should be granted. The government should be awarded costs and attorney's fees associated with this Motion.

Respectfully submitted,

UNITED STATES OF AMERICA

PETER D. KEISLER, JR.
Assistant Attorney General
Civil Division
United States Department of Justice

EUGENE M. THIROLF, Director
Office of Consumer Litigation

AMY E. GOLDFRANK, Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
202 307-0050
Fax: 202 514-8742

ROBERT CLARKE CORRENTE
United States Attorney

LISA DINERMAN Bar #2689
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401 709-5000

OF COUNSEL:

ALLEN HILE
Acting Associate Director for Marketing Practices
Federal Trade Commission

MICHAEL J. DAVIS
Attorney
Federal Trade Commission
600 Pennsylvania Ave., N.W., Rm. 238
Washington, DC 20580

**CERTIFICATE OF SERVICE**

I hereby certify that the aforementioned "Memorandum in Support of Plaintiff United States' Motion to Compel Defendants Elite Designs, Inc. and The Designer Collection, Inc. to Produce Documents Pursuant to United States' Second and Third Requests for Production of Documents" was sent via regular mail on November 17, 2005, to:

Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Attorney for Defendants Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Amy E. Goldfrank

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELITE DESIGNS, INC., a Rhode Island corporation, and<br><br>THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and<br><br>ANTHONY ANTONELLI, individually and as an officer of the corporations,<br><br>Defendants. | C.A. NO. 05-058-S |

**CERTIFICATE OF COUNSEL PURSUANT TO FED. R. CIV. P. 37**

The undersigned counsel certifies as follows:

1. I am lead counsel for plaintiff United States of America in this case.

2. As set forth in the government's Memorandum in Support of Plaintiff United States' Motion to Compel Defendants Elite Designs, Inc., and The Designer Collection, Inc., to Produce Documents Pursuant to United States' Second and Third Requests for Production of Documents, plaintiff, the United States, has made a good faith effort to resolve these discovery disputes, as required by the Federal Rules of Civil Procedure and the Local Rules. These efforts have failed.

I hereby declare, pursuant to 28 U.S.C. § 1746, that the foregoing is a true and correct

statement.

Executed this 16th day of November 2005.

AMY E. GOLDFRANK, Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
202 307-0050
Fax: 202 514-8742

CERTIFICATE OF SERVICE

I hereby certify that the aforementioned "Certificate of Counsel Pursuant to Fed. R. Civ. P. 37" was sent via regular mail on November 17, 2005, to:

Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Attorney for Defendants Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Amy E. Goldfrank