# EXHIBIT A

**U.S. Department of Justice**
**Office of Consumer Litigation**

**Amy E. Goldfrank**
**Phone: 202-307-0050**
**Fax: 202-514-8742**

**Overnight Delivery Address**
**1331 Pennsylvania Ave., N.W., Suite 950N**
**Washington, D.C. 20004**

**Mailing Address**
**P.O. Box 386**
**Washington, D.C. 20044**

September 15, 2005

VIA OVERNIGHT MAIL
Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Re: United States v. Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Dear Mr. Reid:

Enclosed please find the United States' Second Request for Production of Documents From Elite Designs, Inc. and The Designer Collection, Inc.

Sincerely,

Amy E. Goldfrank
Trial Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELITE DESIGNS, INC., a Rhode Island corporation,<br><br>THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and<br><br>ANTHONY ANTONELLI, individually and as an officer of the corporations,<br><br>Defendants. | C.A. No. 05-058-S |

**UNITED STATES' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS FROM ELITE DESIGNS, INC. AND THE DESIGNER COLLECTION, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States of America requests that defendants Elite Designs, Inc., and The Designer Collection, Inc., produce for inspection and copying the documents and things requested herein within thirty (30) days of service of this request. The documents and things requested shall be produced for inspection and copying at 1331 Pennsylvania Avenue, N.W., Suite 950N, Washington, D.C. 20004.

This request is continuing, requiring you to promptly amend your written response and to produce any additional materials

coming into your possession after your initial response to this request.

INSTRUCTIONS AND DEFINITIONS

A. The terms "you," "your" and "the Company" each refer to and include Elite Designs, Inc. and The Designer Collection, Inc.,(irrespective of any other name under which they have done business), as well as all of their predecessor and successor corporations, subsidiaries, affiliates, branches, divisions, and groups, wherever located, and each of their present or former directors, officers, employees, agents, and representatives. Where a document is requested, such request includes documents in your possession, custody or control, including documents in the possession of your agents, representatives or attorneys.

B. The terms "document" and "documents" each refer to and include the original, or any copy if the original is not available, of writings and tangible things of every kind and description, official or otherwise, in the possession, custody or control of the Company, and include all handwritten, typed, emailed, faxed, printed, recorded, transcribed, taped, filmed, graphic or sound reproduction material; magnetic cards or cartridges; optical storage devices; and computer records, printouts, runs, cards, tapes, or disks (together with all programming instructions and other material necessary for their use), including all information stored in computer hard drives or disks. *See e.g.*, Fed. R. Civ. Pro. 34(a). The terms "document" and "documents" each specifically include, but are not limited to: diaries; employee appointment calendars and schedules; bank records; purchase orders or records; accounting and bookkeeping records and materials; invoices; corporate and personal checks; financial records and statements; external and internal correspondence; cables; emails; telexes; facsimiles; teletypes; telegrams; telecopies; memoranda; letters; notices; messages; reports; summaries; briefing materials; training materials; advertisements in any media, including the Internet; telephone and personnel directories; card files; telephone logs; routing slips; records or evidence of incoming and outgoing telephone calls; studies; notes; working papers; graphs; charts; diagrams; agendas; minutes; transcripts, records, or summaries of any meeting, conversation, conference or communication; and all attachments to any of the items set forth in this paragraph. The terms "document" and "documents" also refer to and include every copy of every document where such copy is not identical to the original because of any addition, deletion, alteration, or notation.

C. The terms "person" or "persons" include, but are not limited to, individuals, corporations, companies, partnerships, unincorporated business associations, estates, trusts, governmental bodies, and any other entity composed of persons.

D. The term "employee" means any person who at any time during the period covered by this Request for Production acted or purported to act on behalf of the Company, including, but not limited to, all past and present directors, officers, agents, representatives, attorneys, accountants, advisors, and consultants, including independent contractors, whether such activity on behalf of the Company or such other person or persons was on a full-time, part-time, piece-work, or other basis, and whether such activities were paid or unpaid.

E. The term "opportunity" means any franchise, business opportunity, or distributorship.

F. The term "investor" means any person who invested or contracted to invest in any of the Company's opportunities, whether that opportunity be as a franchisee, business opportunity venturer, or distributor.

G. The term "communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, telegraph, facsimile, email, or electronic or other media, whether by chance or design.

H. The terms "contact" or "contacts" mean any communication, whether written or oral, including telephone conversations, or any personal encounter, whether by chance or by design, in a meeting or otherwise.

I. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request any document which might otherwise be construed to be outside its scope.

J. The terms "any," "every" and "all" shall be construed to be interchangeable, i.e., the term "any" shall be construed to include the words "all" and "every", and the term "all" shall be construed to include the words "any" and "every."

K. "Relate to" means to make a statement about, refer to,

discuss, describe, reflect, identify, deal with, consist of, or in any way pertain, in whole or in part, to the subject.

L. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and vice versa; the use of the masculine form of a pronoun shall be considered to include within its meaning the feminine form of the pronoun so used and vice versa; and the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb.

M. CLAIM OF PRIVILEGE: If the Company withholds any document on the ground of any privilege, it shall provide a statement setting forth the following information with respect to each withheld document:

1. the name and title of the author (and, if different, the preparer and signatory);

2. the name and title of the person to whom the document was addressed;

3. the names and titles of all persons to whom the document or a copy of the document was sent or to whom the document or a copy, or any part thereof, was shown;

4. the date of the document;

5. the number of pages;

6. a brief description of the subject matter;

7. the nature of the privilege claimed; and

8. the number of the request to which it is responsive.

DOCUMENT REQUESTS

31. All documents that relate to payments you sent to or received from Diane Thompson; Joseph Marano; Joseph Morano; Joseph Marono; Madeline Wagner; Desiree Nieves; Patty Oliver; Michael Allen; John Timblin; Debbie Miller; Janine Williams; Kim Rustford; Cleo Christofferson and John Baker. These records include but are not limited to copies of checks, returned checks, ledger entries, invoices, billing records, or other documentation of amounts presented for payment by these individuals.

RESPECTFULLY SUBMITTED,

UNITED STATES OF AMERICA

PETER D. KEISLER, JR.
Assistant Attorney General
Civil Division
Department of Justice

EUGENE M. THIROLF
Director
Office of Consumer Litigation

AMY E. GOLDFRANK
Trial Attorney
Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044
Tel: (202) 307-0050
Fax: (202) 514-8742

ROBERT CLARK CORRENTE
United States Attorney

LISA DINERMAN Bar #2689
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: (401) 709-5000
Fax: (401) 709-5017

OF COUNSEL:

EILEEN HARRINGTON
Associate Director of Marketing Practices
Federal Trade Commission

MICHAEL J. DAVIS
Attorney, Federal Trade Commission
600 Pennsylvania Avenue, NW, Room 238
Washington, D.C. 20580

DATED: September 15, 2005.

**CERTIFICATE OF SERVICE**

I hereby certify that the aforementioned "United States' Second Request for Production of Documents from Elite Designs, Inc. and The Designer Collection, Inc.," was sent from the Office of Consumer Litigation, Department of Justice, Washington, D.C. via Federal Express on September 15, 2005, to:

Stephen J. Reid, Jr.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903

Attorney for Defendants Elite Designs, Inc.
and The Designer Collection, Inc.

Amy E Goldfrank
Amy E. Goldfrank