**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | |
| vs. | Case No. 05-058S |
| ELITE DESIGNS, INC., *et al.* Defendants. | |

**MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED FACTS OR IN THE ALTERNATIVE, TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO COMPLY WITH SCHEDULING ORDER**

Defendants Elite Designs, Inc., The Designer Collection, Inc., and Anthony Antonelli (collectively, "Defendants"), by and through their undersigned counsel, hereby move to strike the Plaintiff's Motion for Summary Judgment and associated Statement of Undisputed Facts or in the alternative to deny Plaintiff's motion for failure to comply with the plain and unambiguous requirements of the applicable Scheduling Order. The grounds for this motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

Elite Designs, Inc., The Designer Collection, Inc.,
and Anthony Antonelli
By their attorneys,

JEFFREY K. TECHENTIN (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604
Dated: July 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2006, a copy of the within Motion to Strike Plaintiff's Motion for Summary Judgment and Statement of Undisputed Facts or in The Alternative, to Deny Plaintiff's Motion for Summary Judgment for Failure To Comply With Scheduling Order was mailed to the following:

**Amy E. Goldfrank, Esq.**
U.S. Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, DC 20004

**Robin E. Feder, Esq.**
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

Kathleen Young

*387275_1*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA,

Plaintiff,

vs. Case No. 05-058S

ELITE DESIGNS, INC., *et al.*

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED FACTS OR IN THE ALTERNATIVE, TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO COMPLY WITH SCHEDULING ORDER**

Defendants Elite Designs, Inc., The Designer Collection, Inc., and Anthony Antonelli (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion to Strike Plaintiff's Motion for Summary Judgment and Statement of Undisputed Facts or In The Alternative to Deny Plaintiff's Motion for Summary Judgment for Failure to Comply with Scheduling Order. As explained below, the Plaintiff's Motion for Summary Judgment and the associated Statement of Undisputed Facts were filed in contravention of the plain and unambiguous requirements of the applicable Scheduling Order and should therefore be stricken. Alternatively, the appropriate sanction for the Plaintiff's failure to abide by the scheduling order is to deny the Plaintiff the relief sought. Should the Court deny this motion in its entirety, excuse the Plaintiff's noncompliance with the Scheduling Order, and deem the Plaintiff's Motion for Summary Judgment to be properly filed, Defendants request that the Court permit the Defendants 20 days to respond from the date of

such order to permit the Defendants to respond to the merits of the Plaintiff's Motion for Summary Judgment.

## I. <u>Factual Background</u>

On May 25, 2005, this Court entered the Scheduling Order governing this case. *See* Scheduling Order (attached hereto at **Tab A**). Paragraph two of hat Order provides that:

> Dispositive motions shall be filed by January 17, 2006.[1] Prior to filing a motion for summary judgment, ***counsel must request a conference with the Court***. Counsel should note the requirements of Local Rule 12.1 with respect to motions for summary judgment.

(emphasis added). Paragraph seven further provides that:

> Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

On May 31, 2006, the Plaintiff filed its Motion for Summary Judgment and Statement of Undisputed Facts without having first requested (let alone obtained) a Rule 56 conference with the Court. *See* Docket at Entries 47-48. The next day, counsel for the Defendants wrote to counsel for the Plaintiff to advise the Plaintiff of its failure and to inquire as to the Plaintiff's position with respect to this failure to abide by the Scheduling Order. *See* June 2, 2006 Letter from J. Techentin to A. Goldfrank (**Tab B**). Counsel for Plaintiff responded to the effect that the government had been "notified" that it had been authorized to submit a motion for summary judgment "at the close of discovery". That letter, however, did <u>not</u> indicate that the required chambers conference had been excused. Moreover, there are no entries on the court docket that reflect such an excusal. Rather, the only information available to the defendants on this subject (other than the government's representations) is a letter from Magistrate Judge Martin to Judge

---

[1] The dispositive motion deadline coincided with the closure of fact discovery. Fact discovery was extended by separate order through May 31, 2006.

Smith (**Tab D**) relaying the government's request. Defendants are unaware of any further action on that request. **Tab C**.

Subsequent to the Plaintiff's filing of its Motion for Summary Judgment, the parties engaged in substantial settlement discussions. In light of those settlement discussions, the parties agreed to postpone the deadline for the Defendants' response to the Motion for Summary Judgment to July 14, 2006. *See* Docket at Entries 49-51.

## II. Argument

The Court's direction that no summary judgment motion shall be filed without the party first having requested a Rule 56 conference is plain and ambiguous. The Plaintiff's desire to avoid this relatively simple requirement is inexplicable. Its actual failure to request the required summary judgment conference, based on the court record, appears to violate this Court's plain and unambiguous Order. The Court, without question, has the power, authority, and discretion to enforce its own orders, including orders governing the process of litigation. *See, e.g., Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) (upholding trial court's refusal to entertain motions for summary judgment filed in violation of applicable scheduling order; noting that "litigants have an unflagging duty to comply with clearly communicated case-management orders").

In this case, the request for a summary judgment conference was both a minimal burden to the Plaintiff and served a salutary purpose that was thwarted by the Plaintiff's failure to request the conference. Rule 56 conferences are an opportunity for the litigants to discuss with the Court the possibility of summary judgment, but also alternatives that might obviate the need for the extensive (and expensive) legal research, drafting, and dedication of court resources to

such a motion. *See*, *e.g.*, *Duffy v. Quattrocchi*, 576 F. Supp. 336, 338 (D.R.I. 1983) (noting partial withdrawal of motion for summary judgment following chambers conference). In this case, had there been a conference, the Defendants would have suggested that the matter be referred to mediation within the Court's alternative dispute resolution framework as such an alternative. Indeed, the Defendants have repeatedly suggested such an alternative to the Plaintiff, but the Plaintiff has refused the invitation. As the Court is aware, such mediation, in the absence of specific court direction, requires the consent of all parties. Without the conference being requested in advance of the Plaintiff actually filing its motion, the Defendants did not have an opportunity even to suggest to the Court that mediation or other alternative dispute mechanism might be a productive alternative to filing dispositive motions, at least in the first instance.

In light of the Plaintiff's failure to abide by the plain terms of the Court's scheduling order, and the attendant prejudice to the Defendants[2], the Defendants respectfully submit that striking the Motion for Summary Judgment or, in the alternative, denying the Plaintiff the relief sought therein, constitutes an appropriate sanction.

## III. Conclusion

For the foregoing reasons, Defendants request that the Plaintiff's Motion for Summary Judgment be stricken. Alternatively, should the Court deny this motion to strike, excuse the Plaintiff's noncompliance with the Scheduling Order, and deem the Plaintiff's Motion for

---

[2] Specifically, the Plaintiff's decision to file a motion for summary judgment without requesting the required conference with the Court had the direct and proximate result that Defendants were unable to present to the Court their suggestion that the parties mediate this dispute rather than engage in the costly process of litigating the merits of the summary judgment motion, a suggestion that, in light of the substantial and productive settlement negotiations to date, the Defendant would submit that the Court could find persuasive.

Summary Judgment to be properly filed, Defendants request that the Court permit the Defendants 20 days to respond from the date of such order to permit the Defendants to respond to the merits of the Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

Elite Designs, Inc., The Designer Collection, Inc., and Anthony Antonelli
By their attorneys,

JEFFREY K. TECHENTIN (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604
Dated: July 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2006, a copy of the within Memorandum of Law in Support of Motion to Strike Plaintiff's Motion for Summary Judgment and Statement of Undisputed Facts was mailed to the following:

**Amy E. Goldfrank, Esq.**
U.S. Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, DC 20004

**Robin E. Feder, Esq.**
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

*387278_1*