UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELITE DESIGNS, INC., a Rhode Island corporation, and<br><br>THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and<br><br>ANTHONY ANTONELLI, individually and as an officer of the corporations,<br><br>Defendants. | C.A. NO. 05-058-S |

**PLAINTIFF UNITED STATES' REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' OBJECTION TO MOTION FOR SUMMARY JUDGMENT**
**AND**
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF UNITED STATES' OBJECTION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED FACTS OR IN THE ALTERNATIVE TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO COMPLY WITH SCHEDULING ORDER**

Plaintiff, United States, responds in opposition to Defendants' Objection to Motion for Summary Judgment and Defendants' Motion to Strike Plaintiff's Motion For Summary Judgment and Statement of Undisputed Facts or in the Alternative to Deny Plaintiff's Motion for Summary Judgment for Failure to Comply with Scheduling Order (collectively referred to as "Objection and Motion").

## INTRODUCTION

Rather than opposing the United States' Summary Judgment Motion on the merits, Defendants attack it as untimely and filed in violation of the Scheduling Order. However, as Defendants well know, the United States has complied with the Court's directions in filing its Summary Judgment Motion. Defendants are also seeking a second mediation in lieu of answering the Summary Judgment Motion. However, this litigation should proceed to a finding of liability. If Defendants want to settle the case, they need only provide the United States with financial information they have long withheld, and a monetary offer related to their actual financial situation. Defendants' objections to the Summary Judgment Motion should be denied, and the merits of that Motion determined.

## DISCUSSION

A. *The United States' Summary Judgment Motion Complied with Directions from the Court.*

The government filed a Motion for Summary Judgment against Defendants on the issue of liability on May 31, 2006. In accordance with the Court's Pretrial Order, the government obtained approval from the Court prior to filing its Motion for Summary Judgment. At a Status Conference held before Magistrate Judge David L. Martin on November 10, 2005, the government noted that it anticipated filing a Motion for Summary Judgment at the close of discovery. Aware that the Court's Pretrial Order required a conference prior to filing such a motion, the government asked Magistrate Judge Martin to inquire whether the government could file its Motion for Summary Judgment without requesting a further meeting with the Court. On November 14, 2005, Magistrate Judge Martin wrote a letter to the Court relaying the

government's inquiry. See November 14, 2005 Letter, attached as Exhibit A. Shortly thereafter, Deputy Clerk Alba-Sue Mercurio left a message with lead government counsel, stating that "Judge Smith said you [the government] can go ahead and file your motion for summary judgment after the close of discovery."[1]

At the Status Conference, Defendants were represented by Stephen J. Reid, Jr., Esq. Defendants subsequently hired new counsel, Jeffrey K. Techentin, Esq., ("Defense Counsel"). Since the government did not know what, if anything, was relayed to Defense Counsel about the aforementioned events, the government advised Defense Counsel in a letter dated May 5, 2006, that prior to the latter's arrival, "the government inquired as to whether it could file a summary judgment motion with Judge Smith at the close of discovery without requesting a further conference with the Court. Shortly thereafter, the Court notified the government that it could file such a motion at the close of discovery." The letter went on to apprise Defense Counsel that the government planned to do so. See May 5, 2006 Letter, attached as Exhibit B. Defense Counsel did not respond to, object to, nor inquire in any way about the information relayed to him in the May 5, 2006, letter.

The government, as approved by the Court and as relayed to Defendants, filed its Motion for Summary Judgment at the close of discovery. Upon receipt of the Motion for Summary Judgment, Defense Counsel wrote the government to contend that the "motion was brought in contravention of the scheduling order" because no conference was "requested or conducted."

---

[1] The complete message is saved on government counsel's voice-mail system.

Defense Counsel asked the government to "[p]lease advise of [the government's] position with respect to this deficiency." See June 2, 2006 Letter, attached as Exhibit C. On June 8, 2006, the government wrote Defense Counsel. The June 8, 2006, letter noted that the government had alerted Defendants to the fact that the Court notified the government that it could file a Motion for Summary Judgment without a conference with the Court. Furthermore, Defendants had been apprised that the government planned to file such a motion at the close of discovery. See June 8, 2006 Letter, attached as Exhibit D.

Defense Counsel did not respond to nor inquire about the government's June 8, 2006, letter. Rather, Defense Counsel approached the government and asked the government to extend Defendants' response date in order to pursue settlement. The government agreed to do so, stipulating to an extension to July 7, 2006. See Docket No. 49. On June 30, 2006, Defense Counsel asked for and the government acceded to a second extension. This time, agreeing to extend the response due date through July 14, 2006. See Docket No. 50. On July 10, 2006, having failed to reach a settlement agreement after several weeks of negotiations, the government notified Defendants that it would not agree to any further extensions of the response due date. See July 10, 2006 Letter, attached as Exhibit E.

B. *This Is Not the Time for Additional Court-Sponsored Mediation.*

On July 14, 2006, in lieu of filing a substantive response to the Motion for Summary Judgment, Defendants filed their Objection and Motion. For the reasons noted above, the Objection and Motion lack all merit and are wholly frivolous in nature. The Objection and Motion also appear to be a tactical attempt by Defendants to stall the normal course of litigation

to see whether the Court will accede to Defendants' request for a second mediation. In a letter dated July 14, 2006, Defendants asked the Court to order this matter back to mediation.[2] See July 14, 2005, Letter, attached as Exhibit F. The government opposes Defendants' request for a Court ordered mediation on the ground that it would be a useless exercise.[3]

As part of any settlement, the government is seeking consumer redress and civil penalties. Case law instructs that a defendant's ability to pay must be considered when formulating civil penalties. See e.g., United States v. Nat'l Fin. Serv., Inc., 98 F.3d 131, 140-141 (4th Cir. 1996), and United States v. Danube Carpet Mills, Inc., 737 F.2d 988, 993-995 (11th Cir. 1984). The government told Defendants from the start of the litigation that a settlement can not occur without financial disclosure. Despite such notification, Defendants resisted producing financial information. Defendants successfully argued to Magistrate Judge Martin that financial discovery in this case should be stayed until there is a finding of liability. See November 14, 2005 Letter, attached as Exhibit A. After the government filed its Motion for Summary Judgment, Defendants produced some of the financial information the government had long identified as a prerequisite to settlement. Based upon the information provided, the government entered

---

[2] The parties previously attended a Court ordered mediation session on September 21, 2005.

[3] According to Defendants' Objection and Motion, Defendants sought mediation prior to the close of discovery, but "[p]laintiff's decision to file a motion for summary judgment without requesting the required conference with the Court had the direct and proximate result that Defendants were unable to present to the Court their suggestion that the parties mediate this dispute . . . ." See Footnote 2 of Objection and Motion. This argument is meritless. Had Defendants wanted to request a conference with the Court they could have done so. Defendants were on notice by May 5, 2006, that the United States planned to file a Motion for Summary Judgment.

settlement discussions with Defendants. The government's latest settlement offer, made on July 12, 2006, is still outstanding and unanswered by Defendants.

Although Defendants produced some financial information, Defendants did not provide all of the requested financial documentation. Moreover, the financial information that was disclosed raises several questions that have to be answered before the government can substantiate Defendants' claim of "limited financial means." See July 14, 2005, Letter, attached as Exhibit F. To obtain the necessary information, the government sent Defendants a letter on July 13, 2006, identifying specific items that must be produced to confirm Defendants' ability (or inability) to pay a certain civil penalty or redress amount. Some of these items previously had been requested, but never produced. To date, Defendants have not responded to the letter.[4] Without further financial disclosure from the Defendants, the government is unwilling to go below its latest settlement figure. Thus, mediation would be an utterly unfruitful endeavor and result only in further delay. Should Defendants produce the outstanding financial information, the government is open and willing to continue to pursue settlement discussions.

**CONCLUSION**

Because Defendants' Objection and Motion lack all merit and represent an attempt to derail the normal course of litigation, the government respectfully requests that the Court deny Defendants' Objection and Motion. The government also asks the Court to deny Defendants'

---

[4] Since the letter references specific settlement discussions, the government is not attaching it as an exhibit.

request for a second mediation on the ground that formal mediation at this time would serve no useful purpose.[5]

Respectfully submitted,

UNITED STATES OF AMERICA

PETER D. KEISLER, JR.
Assistant Attorney General
Civil Division
U.S. Department of Justice

EUGENE M. THIROLF
Director
Office of Consumer Litigation

AMY E. GOLDFRANK
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
202 307-0050
Fax: 202 514-8742

ROBERT CLARK CORRENTE
United States Attorney

[5] Defendants alternatively seek 20 days to respond to the United States' Summary Judgment Motion. The government does not oppose a short extension of their time to answer. However, Defendants also argue that the cost of answering will dilute their ability to pay a settlement. The government is aware of no meritorious defense on liability, nor have Defendants suggested any. This is not a case presenting close or difficult factual or legal issues. The additional time to respond should be kept to a minimum.

ROBIN E. FEDER
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401 709-5000
Fax: 401 709-5017

OF COUNSEL:

LOIS GREISMAN
Associate Director for Marketing Practices
Federal Trade Commission

MICHAEL J. DAVIS
Attorney
Federal Trade Commission
600 Pennsylvania Ave., N.W., Rm. 238
Washington, DC 20580

CERTIFICATE OF SERVICE

I hereby certify that the aforementioned "Plaintiff United States' Reply Memorandum in Opposition to Defendants' Objection to Motion for Summary Judgment and Memorandum of Law in Support of Plaintiff United States' Objection to Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment and Statement of Undisputed Facts or, in the Alternative, to Deny Plaintiff's Motion for Summary Judgment for Failure to Comply With Scheduling Order" was sent from the Office of Consumer Litigation, Department of Justice, Washington, D.C. via Federal Express on July 21, 2006, to:

Jeffrey K. Techentin
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903

Attorney for Defendants Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Amy E. Goldfrank