UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELITE DESIGNS, INC., a Rhode Island corporation, and<br><br>THE DESIGNER COLLECTION, INC., a Rhode Island corporation, and<br><br>ANTHONY ANTONELLI, individually and as an officer of the corporations,<br><br>Defendants. | C.A. NO. 05-058-S |

**STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANTS ELITE DESIGNS, INC., THE DESIGNER COLLECTION, INC., AND ANTHONY ANTONELLI**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or the "Commission"), has commenced this action by filing the Complaint herein, and Defendants have been served with the summons and the complaint. The parties, represented by the attorneys whose names appear hereafter, have agreed to settlement of this action without adjudication of any issue of fact or law, and without the Defendants admitting liability for any of the violations alleged in the Complaint.

THEREFORE, on the joint motion of the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

2. Venue is proper as to all parties in the District of Rhode Island.

3. The activities of the Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against the Defendants, under Sections 5(a), 5(m)(1)(A), 9, 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 49, 53(b), and 57b.

5. Defendants have entered into this Stipulated Judgment and Order ("Order") freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

6. Plaintiff and Defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

7. Defendants have agreed that this Order does not entitle Defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and Defendants further waive any rights to attorneys' fees that may arise under said provision of law.

8. Entry of this Order is in the public interest.

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

1. "Asset" means any legal or equitable interest in, or right or claim to, any real and personal property, including without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2. "Business Venture" means any written or oral business arrangement, however denominated, whether or not covered by the Franchise Rule, in which a participant or purchaser:

a. pays consideration for the right or means to offer, sell, or distribute goods or services (whether or not identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and

b. receives the promise of, or actual, advice, instruction, or assistance (including, but not limited to, referrals to any persons providing or promising location services), in connection with: (1) the establishment, maintenance, or operation of a new business, or (2) the entry by an existing business into a new line or type of business.

3. "Defendants" means the Corporate Defendants and Individual Defendant. The "Corporate Defendants" are Elite Designs, Inc., and The Designer Collection, Inc., Rhode Island corporations. The "Individual Defendant" is Anthony Antonelli, individually and as an officer of the Corporate Defendants.

4. The "Franchise Rule" or "Rule" means the FTC Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions concerning Franchising and Business Opportunity Ventures," 16 C.F.R. Part 436.

5. "Franchise" and "Franchisor" are defined as those terms are defined in Sections 436.2(a) and (c) of the Franchise Rule, 16 C.F.R. § 436.2(a) and (c), and include "business opportunity ventures" as defined in Sections 436.2(a)(1)(ii) and (2) of the Rule, and discussed in the FTC's Final Interpretive Guide for the Franchise Rule, 44 Fed. Reg. 49966-68 (August 24, 1979). The term "franchise" in this Order shall also encompass any successor definition of "franchise," "business opportunity" and "business opportunity venture" in any future trade regulation rule or rules that may be promulgated by the Commission to modify or supersede the Franchise Rule, in whole or part, from the date any such rule takes effect.

6. "Income-generating product or service" means any product or service designed, intended, or represented to be capable of generating income on behalf of the person to whom it is sold.

7. "Franchise broker" is defined as that term is defined in Section 436.2(j) of the Franchise Rule, 16 C.F.R. § 436.2(j). The term "Franchise broker" in this Order shall also encompass any other entity through which the franchisor sells franchises, including, but not limited to, subfranchisors, master franchisees, or regional franchisees.

8. "Person" means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, or cooperative, or any other group or combination acting as an entity.

9. "Representatives" means the Defendants' successors, assigns, officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

10. "Telemarketing" means the advertising, offering for sale, or sale of any good or service to any person by means of telephone sales presentations, either exclusively or in conjunction with the use of other advertising.

11. "UFOC format" is defined as the Uniform Franchise Offering Circular disclosure format which has been adopted by the North American Securities Administrators' Association and is now accepted by the Commission for use in lieu of the Franchise Rule's disclosure format.

## ORDER

### I. BAN ON SALE OF FRANCHISES AND BUSINESS VENTURES

IT IS THEREFORE ORDERED that Defendant Antonelli, and each of his successors, assigns, agents, servants or employees, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby permanently restrained and enjoined from engaging or participating in the advertising, promotion, offering for sale, or sale of any Business Venture or Franchise. Nothing in this Order shall be read as an exception to this paragraph.

### II. PROHIBITED REPRESENTATIONS

IT IS FURTHER ORDERED that in connection with the advertising, telemarketing, offering for sale, licensing, contracting, sale or other promotion, in or affecting commerce, of any Franchise, Business Venture, or income-generating product or service, the Defendants and their Representatives are hereby permanently restrained and enjoined from making, or assisting in the making of, any statement or representation of material fact that is fraudulent, false, or misleading,

whether directly or by implication, orally or in writing, including, but not limited to, any or all of the following:

A. The income, profit, or sales volume that a purchaser is likely to achieve;

B. The income, profit or sales volume actually achieved by prior purchasers;

C. The length of time that it is likely to take a purchaser to recoup the entire purchase price or investment;

D. The independence or authenticity of any third-party references, including persons represented to be prior purchasers, that are provided to potential purchasers;

E. The amount of competition within, or a purchaser's territorial rights to, any geographic territory;

F. The availability or existence of profitable locations in a purchaser's geographic area; and

G. The terms and conditions of any assurances, refunds or guarantees of profitability that relate to any location service or company to which a Defendant refers a purchaser.

## III. TRANSFER OF CUSTOMER LISTS

IT IS FURTHER ORDERED that the Defendants and their Representatives are hereby permanently restrained and enjoined from selling, renting, leasing, transferring or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who, in connection with the advertising, promotion, telemarketing, offering for sale or sale of any Franchise, Business Venture or income-generating product or service, paid any money to any Defendant at any time prior to entry of this Order; *provided, however,* that Defendants may disclose such identifying

information to a law enforcement agency, or as required by any law, regulation (including the limited disclosures required by the Franchise Rule) or court order.

## IV. CONSUMER REDRESS AND OTHER EQUITABLE RELIEF

IT IS FURTHER ORDERED that judgment in the amount of EIGHT HUNDRED FIFTY THREE THOUSAND DOLLARS ($853,000) is hereby entered against the Defendants, jointly and severally, as consumer redress, pursuant to Section 19 of the Federal Trade Commission Act, 15 U.S.C. § 57b; *provided, however,* that all but TWO HUNDRED TWENTY FIVE THOUSAND DOLLARS ($225,000) of this judgment shall be suspended until further order of the Court, and *provided further* that this judgment shall be subject to the conditions set forth in Section V of this Order.

A. Prior to or concurrently with their execution of this Order, Defendants shall turn over the full amount of the consumer redress to their attorney, who shall hold the entire sum in escrow. Within five (5) days of receipt of notice of the entry of this Order, Defendants' attorney shall transfer the escrowed payment to the Commission in the form of a wire transfer or certified or cashier's check made payable to the Commission.

B. All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to consumer redress and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the

defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section.

C. Defendants shall cooperate fully with Plaintiff and the Commission and their agents in all attempts to collect the amount due pursuant to this Paragraph if the Defendants fail to pay fully the amount due at the time specified herein. In such an event, Defendants agree to provide Plaintiff and the Commission with their federal and state tax returns for the preceding two years, and to complete new standard-form financial disclosure forms fully and accurately within ten (10) business days of receiving a request from Plaintiff or the Commission to do so. Defendants further authorize Plaintiff and the Commission to verify all information provided on their financial disclosure forms with all appropriate third parties, including but not limited to financial institutions.

D. In the event of default on the payment required to be made by this Paragraph, the entire monetary judgment, together with interest computed under 28 U.S.C. § 1961 -- accrued from the date of default until the date of payment -- shall be immediately due and payable. Defendants agree that, in such event, the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Plaintiff or the Commission to enforce their rights pursuant to this Order, including but not limited to a nondischargeability complaint in any subsequent bankruptcy proceeding.

E. In accordance with 31 U.S.C. § 7701, the Defendants are hereby required, unless they have done so already, to furnish to Plaintiff and the FTC their respective taxpayer identifying numbers (social security numbers or employer identification numbers) which shall be

used for purposes of collecting and reporting on any delinquent amount arising out of the Defendants' relationship with the government.

F. The Individual Defendants further agree, if they have not done so already, to provide the FTC with clear, legible and full-size photocopies of all valid driver's licenses they possess, which will be used for collection, reporting and compliance purposes.

G. Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Plaintiff or Commission may initiate to enforce this Order.

## V. RIGHT TO REOPEN

IT IS FURTHER ORDERED that:

A. Plaintiff's agreement to, and the Court's approval of, this Order is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' financial statements dated February 7, 2006 (the OBD-500 "Financial Statement of Debtor" form), and February 7, 2006 (the OBD-500c "Financial Statement of Corporate Debtor" forms for Elite Designs, Inc., and The Designer Collection, Inc.), as supplemented, which contain material information relied upon by Plaintiff and the Commission in negotiating and agreeing to the terms of this Order.

B. If, upon motion, this Court should find that Defendant Antonelli made a material misrepresentation or omitted material information concerning his financial condition or the financial condition of either Corporate Defendant, then the Court, without further adjudication, shall enter a modified judgment holding Defendants liable to the Commission in the amount of EIGHT HUNDRED FIFTY THREE THOUSAND DOLLARS ($853,000) for consumer redress, less any verified payments for consumer redress and/or civil penalties made by the Defendant in

this action. This amount shall become immediately due and payable, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance.

C. The Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Plaintiff or the Commission to enforce their rights pursuant to this Section, including, but not limited to, a nondischargeability complaint filed in any bankruptcy proceeding.

D. Should this Order be modified pursuant to this Section, this Order, in all other respects, shall remain in full force and effect unless otherwise ordered by the Court. Any proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that Plaintiff or the FTC may initiate to enforce this Order.

## VI. NOTICE TO CREDIT BUREAUS

IT IS FURTHER ORDERED that within thirty (30) days of entry of this Order, the Defendants shall notify each credit bureau to which any Defendant previously reported any non-payment by any of Defendants' customers or franchisees (with the intent or result that a negative item was placed on the customer's or franchisee's credit report) that such negative item should be removed from the customer's or franchisee's credit report.

## VII. NON-ENFORCEMENT OF JUDGMENTS

IT IS FURTHER ORDERED that Defendants are enjoined from enforcing any judgment obtained prior to entry of this Order against any customer or franchisee related to payment of

amounts due to any Defendant in connection with the sale of any franchise or business opportunity.

## VIII. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, shall submit to Plaintiff and the Commission a truthful sworn statement acknowledging receipt of this Order.

## IX. DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants shall:

A. Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each officer and director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, within five (5) business days after receipt of this Order, and thereafter immediately upon employing any such person, for any business that Defendants directly or indirectly manage, control, or have a majority ownership interest in, that is engaged in the sale or distribution of any Franchise, Business Venture, or income-generating product or service, or assisting others engaged in these activities; and

B. Maintain for a period of three (3) years after creation, and upon reasonable notice make available to representatives of Plaintiff or the Commission, the original signed and dated acknowledgments of receipt of copies of this Order, as required in Subsection A of this Paragraph.

## X. COMPLIANCE REPORTING BY DEFENDANTS

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years after the date of entry of this Order, the Defendants shall notify the FTC in writing of the following:

1. Any changes in the residence, mailing addresses and telephone numbers of an Individual Defendant, within ten (10) days of the date of such change;

2. Any changes in the employment status (including self-employment) of any Individual Defendant, within ten (10) days of such change. Such notice shall include the name and address of each business that the Individual Defendant is affiliated with, employed by, or performs services for, a statement of the nature of the business, and a statement of the Individual Defendant's duties and responsibilities in connection with the business;

3. Any proposed changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which the Defendant learns less than thirty (30) days prior to the date such action is to

take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order, each Defendant shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1. Any changes required to be reported pursuant to subparagraph (A) above;

2. A copy of each acknowledgment of receipt of this Order obtained by Defendant pursuant to this Order.

C. For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director for Marketing Practices
Federal Trade Commission
600 Pennsylvania Ave. N.W. - Room 238
Washington, DC 20580
Re: United States v. Elite Designs et al., Civ. No. 05-58-S.

D. For the purposes of this Order, Defendants shall, unless otherwise directed by a representative of Plaintiff, identify all written notifications to Plaintiff as provided in reference to DJ# 102-3257, and mail them to:

Director, Office of Consumer Litigation
U.S. Department of Justice - Civil Division
P.O. Box 386
Washington, D.C. 20044

E. For purposes of the compliance reporting required by this Order, representatives of Plaintiff and the Commission are authorized to communicate directly with Defendants.

## XI. MONITORING COMPLIANCE OF SALES PERSONNEL

IT IS FURTHER ORDERED that, in connection with any business that any Defendant directly or indirectly manages, controls or has a majority ownership interest in, that is engaged in the sale or distribution of any Franchise, Business Venture, or income-generating product or service, or assisting others engaged in these activities, Defendants and their Representatives are hereby permanently restrained and enjoined from:

A. Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other customer service functions comply with Paragraphs I and II of this Order. Such steps shall include adequate monitoring of sales presentations or other calls with customers, and shall also include, at a minimum, the following:

1. Listening to the oral representations made by persons engaged in sales or other customer service functions;

2. Establishing a procedure for receiving and responding to consumer complaints; and

3. Ascertaining the number and nature of consumer complaints regarding transactions in which each employee or independent contractor is involved;

B. Failing promptly to investigate fully any consumer complaint received by any business to which this Paragraph applies; and

C. Failing to take corrective action with respect to any sales person whom any Defendant or Representative determines is not complying with this Order, which may include training, disciplining, and/or terminating such sales person;

*Provided, however*, that this Paragraph does not authorize or require a Defendant to take any action that violates any federal, state, or local law.

## XII. RECORD-KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, in connection with any business that any Defendant directly or indirectly manages, controls or has a majority ownership interest in, that is engaged in the sale or distribution of any Franchise, Business Venture, or income-generating product or service, or assisting others engaged in these activities, Defendants and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create, and thereafter to maintain for a period of three (3) years following the date of their creation, unless otherwise specified:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting the name, address, telephone number and social security number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable; *provided, however*, that the businesses subject to this requirement shall retain such records during the employment of any person, and for a period of two (2) years after the date of their termination;

C. Customer files containing the name, address, telephone number, dollar amounts paid, quantity of goods or services purchased, and description of goods or services purchased, for

all consumers to whom the business has sold, invoiced or shipped any Franchise, Business Venture or income-generating product or service;

D. Records that reflect, for every written or oral consumer complaint or refund request received by any of the Defendants or their Representatives, whether directly or indirectly or through any third party: (1) the customer's name, address, telephone number; (2) the dollar amount paid by the consumer; (3) the written complaint or refund request, if any; (4) the basis of the complaint or refund request, including the name of any salesperson complained about; (5) the nature and result of any investigation conducted concerning the complaint or refund request; (6) each response and the date of the response to the complaint or refund request; (7) any final resolution of the complaint or refund request, and the date of the resolution; and (8) in the event of a denial of a refund request, the reason for the denial; and

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials utilized, which shall be retained for three (3) years after the last date of their dissemination or use.

## XIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A. Within ten (10) days of receipt of written notice from a representative of the Commission or Plaintiff, each Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission and Plaintiff are authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2. posing as consumers and suppliers to: one or more of the Defendants, a Defendant's employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice;

Provided that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

C. Each Defendant shall permit representatives of the Commission or Plaintiff to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

## XIV. FEES AND COSTS

IT IS FURTHER ORDERED that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## XV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of construction, modification, and enforcement of this Order.

## XVI. COMPLETE SETTLEMENT

The parties, by their respective counsel, hereby consent to entry of the foregoing Order which shall constitute a final judgment and order in this matter. The parties further stipulate and agree that the entry of the foregoing Order shall constitute a full, complete and final settlement of this action, including any claims and counterclaims that were or could have been asserted herein.

Dated: December 6, 2006

FOR THE PLAINTIFF:

PETER D. KEISLER, JR.
Assistant Attorney General
Civil Division
United States Department of Justice

EUGENE M. THIROLF
Director
Office of Consumer Litigation

AMY E. GOLDFRANK
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-307-0050
FAX: 202-514-8742

ROBERT CLARKE CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
PHONE: 401-709-5000
FAX: 401-709-5017

FOR THE DEFENDANTS:

ANTHONY ANTONELLI, individually and as President of Elite Designs, Inc. and The Designer Collection, Inc.

JEFFREY K. TECHENTIN
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
PHONE: 401.274.7200
FAX: 401.351.4607

Attorney for Defendants Anthony Antonelli, Elite Designs, Inc., and The Designer Collection, Inc.

SO ORDERED this 11 day of December, 2006.

WE Smith

WILLIAM E. SMITH
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that the aforementioned "Stipulated Judgment and Order for Permanent Injunction as to Defendants Elite Designs, Inc., The Designer Collection, Inc., and Anthony Antonelli" was sent via FedEx on December 6, 2006, to:

Jeffrey K. Techentin
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903

Attorney for Defendants Elite Designs, Inc., The Designer Collection, Inc. and Anthony Antonelli

Amy E. Goldfrank